362 So.2d 29 (1978)
Nery S. CUBA and Thomas Rafael Llamas-Almaguer a/K/a Tomas Llamas, Appellants,
v.
The STATE of Florida, Appellee.
Eduardo Luis FLORES a/K/a "Eddy" a/K/a "Flores", Fernando Alfredo Mateu, Jaime Romero and Pedro Pablo Sanchez a/K/a "Chino", Appellants,
v.
The STATE of Florida, Appellee.
Reinaldo Demetrio MENESES a/K/a "Guajiro", Appellant,
v.
The STATE of Florida, Appellee.
Nos. 76-2224, 77-63, 77-498 and 77-674.
District Court of Appeal of Florida, Third District.
July 11, 1978.
Rehearing Denied September 29, 1978.
*30 Hirschhorn & Freeman and Joel Hirschhorn, Weiner, Robbins & Tunkey and William R. Tunkey, Pertnoy & Greenberg, Miami, for appellants.
Robert L. Shevin, Atty. Gen. and Margarita Esquiroz, Asst. Atty. Gen., for appellee.
Before KEHOE, J., and BOYD, JOSEPH A., JR., and CHARLES CARROLL (Ret.), Associate Judges.
PER CURIAM.
The appellants in these consolidated appeals were defendants below in criminal prosecutions based on informations by which each was charged in a Count I with conspiracy to aid or assist in the conduct of a lottery, and in a Count II with aiding or assisting in conducting a lottery. Appellants, Eduardo Luis Flores, Fernando Alfredo Mateu, and Jaime Romero, by an additional count, were charged with possession of lottery paraphernalia.
Appellants, Tomas Rafael Llamas Almaguer, a/k/a Tomas Llamas, Reinaldo Demetris Meneses and Nery S. Cuba, pleaded nolo contendere with reservation of right of appeal from orders of denial of motions to suppress.
Llamas was sentenced on Count II to three years' imprisonment to be followed by two years' probation; and on Count I to a fine of $1,000.00 and one year probation to be served at the conclusion of the Count II sentence.
Meneses was sentenced to imprisonment for two years on each of Counts I and II with the sentences to run concurrently.
Cuba, on Count I, was placed on probation for one year with sentence withheld and, on Count II, was fined $1,000.00 and placed on probation for three years to run concurrently with Count I.
Appellants, Flores, Mateu, Romero and Pedro Pablo Sanchez pleaded not guilty and were convicted on jury trials.
Flores, convicted on Counts I and II and acquitted on the third count, was sentenced on Count II to imprisonment for two-and-one-half years to be followed by two-and-one-half years' probation, and on Count I was fined $5,000.00 and placed on probation for one year to run concurrently with the Count II probation.
Mateu, on Count II, was sentenced to imprisonment for two-and-one-half years to be followed by probation for a like period; and on Count I, on which sentence was deferred, one year probation was imposed to run concurrently with the Count II probation. On the additional count a $5,000.00 fine was imposed with one year probation to run concurrently with the Count I probation.
Romero, who was found guilty only on Counts I and II, was sentenced on Count II to imprisonment for two-and-one-half years to be followed by probation for a like period; and on Count I was fined $5,000.00 and *31 placed on probation for one year to run concurrently with the Count II probation.
Sanchez, found guilty on Counts I and II, received the same sentences thereon as given to Romero, as described above.
All of the appealing defendants argue it was error to deny their pretrial motions to suppress evidence obtained through utilization of or as a result of interception of wire and/or oral communications authorized by court orders. In addition, the appellants who were tried contend the court erred in refusing a request for a jury instruction as to the penalties provided by law for conviction of the offenses charged and lesser included offenses, and contend it was error to include as a condition of their probation that each of said defendants should pay restitution in the amount of $4,000.00 toward the cost of the investigation.
Dealing with those contentions of appellants in reverse order of the statement thereof, we hold the contentions of error regarding said condition of probation and as to denial of the requested jury instruction are without merit.
Section 948.03, Florida Statutes (1975) provides that the court shall determine the terms and conditions of probation and may include among them certain conditions therein listed, one of which was to make reparation or restitution to the aggrieved party for the damage or loss caused by his offense, in an amount to be determined by the court. Appellants contend that provision is not applicable to the condition imposed, for restitution toward the cost of the investigation, in that such is not restitution to an aggrieved party. The State argues the condition is proper in that the public, upon which the expense of the investigation ultimately is imposed, is the aggrieved party in this circumstance. We hold the condition was valid on the authority of Brenner v. State, 337 So.2d 1007 (Fla.3d DCA 1976), cert. den., Fla., 348 So.2d 944. In Brenner, in plea bargaining by which defendants pleaded nolo contendere one of three counts was dismissed and sentences were imposed on the other counts for imprisonment for a term of years followed by a period of probation, the defendants had agreed to a probation condition requiring them to pay a proportionate share of the expense of the investigation costs. On appeal, the defendants contended it was error to impose that condition of probation. In regard thereto this court held the defendants could not disavow their prior agreement for the restitution condition, but in addition held that the condition assessing against defendants their pro rata share of the investigation costs was "constitutionally permissible and enforceable, in that the defendants do not argue that they are insolvent".
The refusal of the court to give the requested instruction as to penalties was not error. In Johnson v. State, 308 So.2d 38 (Fla. 1975) the Supreme Court held that the provision for such instruction as set out in Florida Rules of Criminal Procedure 3.390(a) was directory and not mandatory, and that the granting or denying of a request for such instruction would rest within the sound discretion of the trial judge. That ruling has been followed in numerous later decisions. See: State v. Terry, 336 So.2d 65, 66, n. 1 (Fla. 1976).
In contending that the court committed reversible error by denying their motions to suppress, the appellants present five grounds. On consideration thereof in light of the record, briefs and argument we hold they are without merit.
First, appellants argue that the official to whom the application was made and who entered the wire tap order was not a "neutral and detached magistrate". In cases relied on by the appellants, Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1947) and Connally v. Georgia, 429 U.S. 245, 97 S.Ct. 546, 50 L.Ed.2d 444 (1977), it was pointed out that the requirement is that the official to whom the application is to be made and who is to determine probable cause shall be a neutral and detached magistrate, as distinguished from an officer engaged in the often competitive enterprise of ferreting out crime. Here that official, a circuit judge, fully met that requirement.
*32 Secondly, appellants argue that the affidavit upon which the wire tap order was entered was insufficient as a matter of law due to "staleness" of the evidence used to establish probable cause. Appellants rely on Rodriguez v. State, 297 So.2d 15 (Fla. 1974). We find that contention of the appellants to be unsound. Viewed by the test of time, which is not necessarily conclusive as to staleness (Rodriguez v. State, supra), the State points to lack of staleness on that ground. Moreover the affidavit contained items of information based on material activities observed by officers on physical surveillance in the area that were only three, four, and five days prior to the date of the affidavit. Other factors negating staleness were the nature of the criminal activity involved (Rodriguez v. State, supra, 297 So.2d at 18; United States v. Kirk, 534 F.2d 1262, 1274 (8th Cir.1976)), and the protracted and continuous course of conduct for which passage of time is of less significance with respect to probable cause, as contrasted with an application affidavit which relates an isolated violation with regard to which it reasonably may be assumed that passage of time operates to diminish probable cause. United States v. Johnson, 461 F.2d 285, 287 (10th Cir.1972).
Thirdly, appellants contend the affidavit was insufficient because there was no "complete statement" as to failure of alternative investigation techniques, or as to why the latter were not utilized. That argument is predicated on the requirement of the statute [934.09(1)(c), Florida Statutes (1975)], viz: "A full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous".
The purpose of that requirement as stated by the Supreme Court of the United States with reference to a similar provision in the Federal statute, is "to assure that wiretapping is not resorted to in situations where traditional investigative techniques would suffice to expose the crime." United States v. Kahn, 415 U.S. 143, 94 S.Ct. 977, 39 L.Ed.2d 225 (1974). Also it is held in federal decisions that it is not the purpose of that requirement that electronic surveillance must be foreclosed until every other imaginable method of investigation has been unsuccessfully attempted, "but simply to inform the issuing judge of the difficulties involved in the use of conventional techniques". United States v. Pacheco, 489 F.2d 554, 565 (5th Cir.1974); United States v. Alfonso, 552 F.2d 605, 611 (5th Cir.1977). It is common knowledge, derived from experience, that conventional investigative techniques generally are insufficient for adequate and successful prosecutorial termination of such criminal lottery activities. See: United States v. Abramson, 553 F.2d 1164, 1171 (8th Cir.1977).
Further, appellants contend the affidavit was improper and insufficient due to the state's "Piggy-Backing" of wire tap orders. We have been shown no Florida decision bearing directly on that point. Appellants cite a Maryland case, Calhoun v. State, 34 Md. App. 365, 367 A.2d 40 (1977), in which it was held that a sufficient affidavit, on which a wiretap order had been entered, when used to support application for a wiretap at another location, with no statement repeated as to ineffectiveness of conventional investigation techniques, was insufficient, and that each affidavit must stand on its own foundation. We hold that appellants' contention of "piggy-backing" is not applicable to the subsequent application here. The fact that an affidavit for a subsequent order was based in part on information derived from the prior affidavit does not invalidate the former where, as here, the second affidavit did not depend solely on the facts set out in the first; the facts of the prior affidavit were not insufficient; and the subsequent affidavit was based in part on facts derived by new and further investigation (United States v. Iannelli, 430 F. Supp. 151 (N.D.Pa. 1977)), and upon subsequent information supplied by F.B.I. agents. In United States v. Cantor, 328 F. Supp. 561 (E.D.Pa. 1971) it was held it was proper that the facts of an affidavit used for a prior intercept order should be included in a subsequent application affidavit, *33 as a means of disclosing all the facts to the court. Therefore, as to the challenged affidavit, which in addition to reciting facts of the prior affidavit contained new and material facts developed by further investigation, the contention of insufficiency on the ground stated was without merit.
A fifth argument of appellants was that the intercept orders were overbroad, so as to provide for a general search, citing Marron v. United States, 275 U.S. 192, 48 S.Ct. 74, 72 L.Ed. 231 (1927), and Stanford v. Texas, 379 U.S. 476, 85 S.Ct. 506, 13 L.Ed.2d 431 (1964), as having proscribed broad general search warrants. The record does not support that contention. The orders were properly limited as to scope and duration. It was so held with reference to an order with similar provisions, in United States v. Cohen, 530 F.2d 43 (5th Cir.1976).
For the reasons stated we hold no reversible error has been shown and the judgments appealed from are affirmed. We have considered and reject as without merit a cross-assignment of error filed by the State which presented a question relating to the sentences.
Affirmed.