LARRY STEPHEN WARD *v.* STATE OF MARYLAND

[No. 30, September Term, 1978.]

*Decided October 13, 1978.*

The cause was submitted on briefs to THOMPSON, DAVIDSON and WILNER, JJ.

Submitted by *Phillip M. Sutley* and *Sutley & Marr* for appellant.

Submitted by *Francis Bill Burch, Attorney General, Valerie A. Leonhart, Assistant Attorney General, William A. Swisher, State's Attorney for Baltimore City,* and *Floyd Pond, Assistant State's Attorney for Baltimore City,* for appellee.

THOMPSON, J., delivered the opinion of the Court.

On May 25, 1977, Larry Stephen Ward, the appellant, was convicted in the Criminal Court of Baltimore of violating *Md. Code,* Art. 27, §§ 240 and 360 (placing and accepting wagers

and maintaining a lottery). After a motion to suppress evidence obtained through a court authorized wiretap was denied, the case proceeded on a statement of facts. Judge J. Harold Grady, presiding without a jury, imposed a suspended prison sentence and fines totaling $3,000. The sole issue on appeal is whether the trial court erred in denying appellant's pretrial motion to suppress the fruits of the wiretap.

On August 26, 1976, William A. Swisher, State's Attorney for Baltimore City, filed an application before the Supreme Bench of Baltimore City for a wiretap on the telephone bearing the number 732-0559 at 2201 Gough Street, in Baltimore, which was the location of an enterprise known as Dan's Tavern. The basis of this application was a forty-four page affidavit executed by Detectives Robert Glassmyer and Robert Bieschke of the Baltimore City Police Department. The court authorized the requested wiretap for the period from August 30 through September 28, 1976.

On September 23, 1976, the State's Attorney applied for a second wiretap to be placed on a telephone numbered 276-9137 also located in Dan's Tavern. This second application was based on another affidavit by Detective Glassmyer and Bieschke and incorporated by reference an attached copy of the affidavit submitted in support of the original wiretap. The court authorized the surveillance from September 24 to October 23, 1976. This second wiretap produced the evidence which appellant sought to suppress and which eventually formed the basis of his conviction.

Appellant argues that the order authorizing the second wiretap was invalid in that the affidavit and application requesting it failed to comply with the requirements of the *Md.Code,* Cts. & Jud. Proc. Art., § 10-403 [1] and 18 U.S.C. §§ 2510-2520. Specifically, appellant contends that the affidavit and application for the second wiretap did not

---

1. Maryland's statutory provisions concerning the authorization and use of electronic surveillance devices were contained in Md. Code, Art. 27, § 125A and Cts. & Jud. Proc. Art., §§ 10-401 — 10-408 at the time the subject applications were filed. By virtue of Acts 1977, Chapter 692, the provisions were revised and recodified and may now be found in Cts. & Jud. Proc. Art. §§ 10-401 — 10-412. The substance of former § 10-403 is now contained in § 10-408.

sufficiently set forth facts to support the allegation that traditional investigative procedures had proven unsuccessful or that they were unlikely to succeed if utilized, or that the implementation of normal investigative procedures would have been too dangerous to be utilized. The State does not contend that the second affidavit, standing apart from the incorporated references, would be sufficient to support the issuance of an order authorizing the wiretap. It argues that the incorporation by reference of the first affidavit cured any defect which the second affidavit would have had standing alone. Appellant, on the other hand, relying primarily on *Calhoun v. State,* 34 Md. App. 365, 367 A. 2d 40 (1977), argues that the incorporation by reference will not cure a defect in the incorporating affidavit.

In *Calhoun,* this Court held that an affidavit which was itself insufficient to meet the requirements of 18 U.S.C. § 2518 (1) (c),[2] could not be cured by incorporating a previous valid affidavit executed in support of another application to tap another phone at another location. In *Calhoun* the police had obtained an order authorizing a wiretap on a phone located in a building on East Baltimore Street in Baltimore. The application had been based on an affidavit which was clearly sufficient for that purpose under the applicable statutes. Subsequently, another application was filed to obtain a wiretap on a telephone at another location. It appeared that this second phone had been called on a number of occasions from the one originally tapped and that certain wagers had been made during those calls. The affidavit in support of the second application was clearly insufficient, standing alone. The State, however, attempted to incorporate by reference the prior valid affidavit used in obtaining the first wiretap. The flaw in this procedure, recognized in *Calhoun,* was that the original affidavit made no reference to the telephone number or the location concerned in the second application. Accordingly, there was no indication in either affidavit that, with respect to the second telephone,

---

2. "A full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518 (1) (c); Md. Code, Cts. & Jud. Proc. Art.. § 10-408 (a) (3).

other investigative procedures had been tried and failed or did not reasonably appear to be likely to succeed if tried or to be too dangerous.

Appellant specifically argues that under no circumstances may a defective affidavit be cured by incorporating a previous affidavit used in connection with another application. This, however, is not the teaching of *Calhoun, supra.* The telephones here in question were both located at the same address and in fact had extensions in the same room. The affidavit submitted with the original application amply supported the conclusion that conventional investigative methods could not succeed in uncovering the full extent of the illegal gambling operation being conducted at Dan's Tavern. According to the first affidavit one of the two lines located at Dan's Tavern served a much greater proportion of the telephone calls used to make and accept wagers than did the other. It was this line (732-0559) which the State originally sought to, and did, monitor. The second affidavit makes clear that shortly after surveillance of the first phone line commenced, a malfunction occurred through which unidentified parties could listen in on, and be heard during, conversations occurring over that line. Further investigation by the detectives revealed that the bulk of the telephone calls involving illegal transactions were then switched to the second line. Under these circumstances there is absolutely no reason to suspect that other investigative techniques would or could have been any more successful because of the change in the use of the telephones. In the present case, as revealed in the affidavits, the two wiretap applications dealt with the same individuals and the same location and all the circumstances which required a wiretap for the first line were clearly present with respect to the second line. In short, the incorporated affidavit was not only sufficient with respect to the original wiretap on number 732-0559 but also alleged specific facts which, when taken together with the rest of the second application, were sufficient to support the authorization for the tap on the telephone number 276-9137.

Accordingly, we hold that the court below was correct in denying appellant's motion to suppress the fruits of the

second wiretap. There being no other contentions raised by appellant, we shall affirm the judgment.

*Judgment affirmed.*
*Costs to be paid by appellant.*