377 So.2d 237 (1979)
James WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 78-786.
District Court of Appeal of Florida, Second District.
November 28, 1979.
Don S. Cohn of Engel, Aronson, Fried & Cohn, Miami, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Acting Chief Judge.
Appellant James Wilson appeals the judgment and sentence adjudicating him guilty of conspiracy to deliver cocaine. Wilson was charged by information together with co-defendant Eddie B. Williams. *238 The primary basis for the charge was a telephone conversation between Wilson and Williams on March 29, 1977 intercepted pursuant to a court-authorized wiretap.
The facts are as follows: On March 16, 1977, the state attorney filed an application and supporting affidavit requesting court authorization for wiretaps on two telephones listed to Eddie Williams on Leisurewood Place: 971-8779 (apartment 204) and 977-1064 (apartment 203). The 40-page affidavit described an ongoing investigation by the Hillsborough County Sheriff's Department into the distribution of controlled substances and included a detailed description of the drug operation as it was then known to the affiant. This information was obtained principally from two confidential informants; toll records from the telephone company and information from other law enforcement agencies.[1] The circuit judge granted the application for order on March 16, 1977. At about this time it came to the attention of law enforcement officials that the primary suspect, Eddie Williams, had moved to a new apartment complex on Sunnyside Drive and had requested a new unlisted telephone number. The new number, 988-0979, was to be in service effective March 22. On March 21, the state attorney filed a document entitled Supplement and Amendment to Affidavit for Application, requesting a wiretap authorization on the new telephone. The supplement specifically adopted and incorporated by reference the original application for order of March 16 and its accompanying affidavit. The supplement further set out summaries of five drug-related telephone conversations intercepted pursuant to the March 16 order. The conversations were conducted from telephones at the old address on Leisurewood Place.[2] Additional information which had been gained through conventional surveillance techniques was set out. The thrust of this information was that several of the persons with whom Williams had associated at his old address were now frequenting the new apartment.[3]
The circuit judge granted the second application on March 21 and authorized a wiretap on the new phone line. On April 8th, the state attorney filed an application for a 20-day extension of the wiretap order, specifically incorporating the previous two applications and additionally setting out summaries of drug-related telephone conversations intercepted pursuant to the March 21st order. The application for extension contained a complete statement of other investigative techniques employed and the futility of pursuing further conventional methods.[4]
Appellant Wilson argues that the supplement and amendment to the original affidavit is insufficient on its face and that the insufficiencies cannot be cured by "tacking" on the original valid affidavit by reference. Appellant's argument is correct inasmuch as the supplement and amendment fails to comply with the procedural requirements set out in Section 934.09(1)(c), Fla. Stat., and 18 U.S.C. § 2518(1)(c). The State argues that the supplement is sufficient because Eddie Williams moved to a new address, the *239 interaction among the same individuals showed that the same criminal activities were continuing at a different situs, and probable cause for the intercept continued with the amendment.
Our standard of review for the procedures under Chapter 934, Florida Statutes, and 18 U.S.C. § 2518 is a strict one. We are guided by several cases which discuss the dangers inherent in this extraordinary investigative technique. U.S. District Judge McMillan voiced the apprehension of the courts in U.S. v. Brown, (D.N.C. 1972), 351 F. Supp. 38:
Wiretapping, of dubious constitutionality at best, should be sanctioned if at all only under the strictest view of the strict procedures laid down by a careful Congress.
Id. at 41. State v. Siegel, 266 Md. 256, 292 A.2d 86 (1972), aff'd, 13 Md. App. 444, 285 A.2d 671 (1971); Calhoun v. State, 34 Md. App. 365, 367 A.2d 40 (1977).
As we noted above, there is no question but that the original affidavit and application are sufficient in all respects. The problem we must resolve occurs in the supplement and amendment to the application. Section 934.09(1)(c), Florida Statutes, requires "A full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous."[5] The only reference to conventional investigative procedures in the supplement and amendment is a statement in paragraph 8 that certain persons and vehicles were observed at Williams' new apartment complex. We find no reference at all to the success or failure of the surveillance techniques employed at the new location, nor is there any mention of reasons for abandoning the routine methods of surveillance in favor of a wiretap. In fact, the only specific reason set out as probable cause for an additional wiretap is a statement in paragraph 7 that Eddie Williams "requested that his phone service be transferred . . to 229 Sunnyside Road, apartment 6... ."
Appellant refers us to Calhoun v. State, supra. The question in that case, as in this one, is whether "an affidavit [can] pass muster by piggy-backing a valid affidavit that was used in support of an application to tap another phone at a different location?" Calhoun, at 42. The Calhoun facts reveal that the various wiretap applications were part of a continuing investigation into a gambling operation. The defective affidavit requested a wiretap on a telephone number at a different location which had been dialed from the previously tapped telephone for wagering purposes. The original affidavit made no reference to the telephone number or the address subsequently used in the second application. Moreover, the affidavit in support of the second application did not contain a statement of whether conventional surveillance techniques had been employed or, if employed, why they had failed. The argument might have been made that the criminal activity was continuing and that merely the situs had changed. The Maryland Court of Appeals held that the order based on the subject affidavit was invalid because it permitted "a deviation from the `prescribed path' of the statute." Calhoun at 46. We endorse the reasoning and results of Calhoun and hold that in the instant case the State did not comply with the state and federal requirement as outlined above. Therefore, the supplement and amendment to the original valid affidavit is invalid and the trial court was in error in denying appellant's motion to suppress.
Our next consideration, in light of the invalid Supplement and Amendment to Affidavit for Application, is whether the order granting the 20-day extension should stand. The U.S. Supreme Court stated in U.S. v. Giordano, 416 U.S. 505, 94 S.Ct. 1820, 40 L.Ed.2d 341 (1974), that "communications *240 intercepted under the extension order are derivative evidence... ." The Court in that case ordered the evidence suppressed because it was "derived from the communications invalidly intercepted pursuant to the initial [defective] order." Giordano at 1834. We are in accord with Giordano and hold that evidence obtained in this case during the period of time covered by the extension order should have been suppressed.
We are aware of the only Florida decision dealing with this question, Cuba v. State, 362 So.2d 29 (Fla. 3d DCA 1978). That case is distinguishable from the instant case because in Cuba, the second affidavit "contained new and material facts developed by further investigation ..." and did not depend solely on the facts set out in the original affidavit. The court noted in that opinion that the purpose of the full and complete statement as to the use of other investigative procedures is to
inform the issuing judge of the difficulties involved in the use of conventional techniques. (citations omitted) It is common knowledge ... that conventional investigative techniques generally are insufficient for adequate and successful prosecutorial termination of such criminal lottery activities.
Id. at 32.
We cannot agree with our sister court that "common knowledge" of the difficulties involved in a case relieve the State from the strict requirements of state and federal wiretap procedures. Both § 934.09(1), Florida Statutes, and 18 U.S.C. § 2518(1) state that "each application for an order ... shall include the following... ." We do not believe that mere substantial compliance with the statutory check list is enough. The issuing judge cannot be "informed of the difficulties" where the application is silent on the subject or where general conclusory statements are substituted for specific facts. The problem is exacerbated when, as in the instant case, the affidavit complained of refers to a different telephone at a different address. Under these circumstances it is more imperative than ever that the reasons necessitating an additional wiretap order be set out with specificity. See Ward v. State, 40 Md. App. 410, 392 A.2d 559 (1978).
In summary, we hold that the Supplement and Amendment to Affidavit for Application dated March 21, 1977 does not comply with the requirements of Section 934.09(1)(c), Fla. Stat., and 18 U.S.C. § 2518 (1)(c). Further, the order for extension which was based on information received pursuant to the defective supplement was erroneously granted. Thus, the trial court was in error when it denied appellant's motion to suppress.
REVERSED and REMANDED.
BOARDMAN and DANAHY, JJ., concur.
NOTES
[1] It is unnecessary to set out the details of this affidavit. We have examined the document and find that it comports in all respects with the requirements of both federal and Florida statutes, 18 U.S.C. § 2518; Ch. 934, Fla. Stat.

Where telephone taps are ordered pursuant to state statutes, the validity of such orders can be determined under state law, but equivalent federal statutes and relevant federal decisional law can be considered where there is inadequate state case law on a particular point. U.S. v. Hinton, C.A.N.Y. 1976, 543 F.2d 1002, cert. denied, 429 U.S. 980, 97 S.Ct. 493, 50 L.Ed.2d 589.
[2] The conversations were drug related; however, neither Eddie Williams nor James Wilson were a party to any of them. One reference to Williams revealed that "Eddie Red (Williams) ... said how broke he was and that he couldn't even buy an ounce of dope."
[3] Detectives observed Eddie Williams leave his former apartment and followed him to his new Sunnyside Road apartment. Further, rental cars used by Williams' associates were seen parked at the new address.
[4] The application for extension appears to be complete except that we find no mention of why the first two orders failed to supply the necessary evidence.
[5] The parallel federal provision is 18 U.S.C. § 2518(1) which also requires that the application shall contain "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they appear to be unlikely to succeed if tried or to be too dangerous."