SCHWARTZ, Judge.
These cases recur for consideration by this court pursuant to the order of transfer in Salomon v. State, 381 So.2d 705 (Fla.1980). The appellants’ primary contentions concern the alleged invalidity of wiretap intercept orders which resulted in the monitoring of their lottery activities. See the related case of Cuba v. State, 362 So.2d 29 (Fla. 3d DCA 1978), cert. denied, 378 So.2d 344, 347 (Fla.1979). We are powerless to consider these arguments, however, because the record contains neither the orders in question nor the applications and affidavits which supported their issuance.[1] Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979); O’Steen v. State, 92 Fla. 1062, 111 So. 725 (1926). Although the documents relating to an earlier wiretap order which supposedly initiated the entire *149 investigation are before us, there is no showing either that the results of the interceptions authorized by that order, which did not themselves involve the present defendants, were related to the later ones which did, or even that the appellants have standing to challenge the initial order. See United States v. Scasino, 513 F.2d 47 (5th Cir. 1975). So far as we know from the only source we may consider, the record, the earlier tap was totally irrelevant to the appellants’ ease.
We have carefully considered the appellants’ remaining points and find no error. The judgments below are therefore
Affirmed.

. Despite their extensive efforts during a period of more than two years since the notices of appeal were filed, the appellants have been unable to secure and supplement the record with these documents. There is therefore no purpose to be served by granting their request for still further time to attempt to do so. While these appeals are governed by the 1962 Revision of the Florida Appellate Rules, even Fla.R. App.P. 9.200(f)(2), which requires giving “an opportunity to supplement the record,” has already been more than satisfied.