397 So.2d 1036 (1981)
Robert BAGLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 79-31.
District Court of Appeal of Florida, Fifth District.
May 13, 1981.
*1037 Donald A. Lykkebak, Orlando, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and C. Michael Barnette, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Chief Judge.
Appellant Robert Bagley appeals the judgment adjudicating him guilty of possession of controlled substances and the sentence imposed. The appellant was charged by two informations, which were subsequently consolidated, and his arrest on both charges was incident to the execution of a search warrant at his residence. After the appellant's motion to suppress evidence and motion to suppress contents of intercepted wire communications were denied, he pleaded nolo contendere with reservation of right to appeal from the orders denying his motions to suppress. The appellant raised five points on appeal, three of which we find have merit. We hold that the trial court erred in denying the appellant's motions to suppress contents of intercepted wire communications, motion to suppress evidence and the sentence imposed is illegal, the state conceding this last point.
The facts are as follows: Agents of the Orlando Police Department focused a vice investigation on a suspect not a party to this appeal. An agent of the department subpoenaed the telephone tolls of the suspect's number and discovered that approximately sixty calls had been made within a three month period from the suspect's number to Bagley's number, 892-8526, in St. Cloud. On January 9, 1978, the agent obtained a wire tap authorization for the original suspect's number. After implementing the wire tapping, one call was intercepted to Bagley's number, 892-8526. The agent then made application on January 16, 1978, for wire tap intercept on phone 892-8526. That application was granted the same day.
On January 19, 1978, agents attempted to install the wire tap on 892-8526 in St. Cloud but discovered that the residence was abandoned and the number disconnected. The agents again subpoenaed telephone records and found that a phone number 847-4163 was listed to the appellant on Pleasant Hill Road in Kissimmee, Florida. An agent then prepared an amendment to his original application. The amendment specifically incorporated by reference the original application and its accompanying affidavit by "[t]hat all other information in the original affidavit and application unchanged." The amendment did not set forth any additional information which had been gained through conventional surveillance techniques. The order was signed January 23, 1978, and the tap installed January 24, 1978. The tap was concluded on February 21, 1978.
On February 20, 1978, an agent submitted an affidavit for a search warrant; the contents of the affidavit included references to the content of conversations intercepted in the wire intercept of telephone number 847-4163.
We find that the supplement and amendment to the original affidavit is insufficient on its face. The fact that the original valid affidavit was incorporated by reference, and thus "tacked" onto the subsequent affidavit, *1038 cannot cure the insufficiency. Wilson v. State, 377 So.2d 237 (Fla.2d DCA 1979).
Both section 934.09(1), Florida Statutes (1979), and its federal counterpart, 18 U.S.C. § 2518(1), state that "[e]ach application for an order ... shall include the following ... ." (emphasis added). Section 934.09(1)(a)-(f) then sets forth the procedural requirements for an application for an order authorizing a wire tap. Said sections do not except amendments and supplements from its requirements. The Florida Supreme Court has pointed out that chapter 934, Florida Statutes, authorizing interception of wire or oral communications of persons, is a statutory exception to the federal and state constitutional right to privacy. In re Grand Jury Investigation, 287 So.2d 43 (Fla. 1973). As an exception to a constitutional right, it must be strictly construed. The statutory mandates must be strictly followed as "Congress legislated in considerable detail in providing for applications and orders authorizing wiretapping and evinced the clear intent to make doubly sure that the statutory authority be used with restraint and only where the circumstances warrant the surreptitious interception of wire and oral communications." United States v. Giordano, 416 U.S. 505, 513, 94 S.Ct. 1820, 1827, 40 L.Ed.2d 341 (1974).
While the original affidavit and application are sufficient in all aspects, the amendment, however, is deficient. Section 934.09(1)(c), Florida Statutes (1979), requires "A full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." In the original application for wiretap, the affiant declared that it was difficult to surveil Bagley's residence because there were no positions the affiant could sit without being detected. The amendment makes no reference at all to the success or failure of the surveillance techniques employed at the new location. The amendment also fails to state why routine methods of surveillance could not be used at the new location.
Furthermore, the authorization for the amended application for the new number signed by the state attorney which is required by section 934.07, Florida Statutes (1979), states that he has no knowledge of any previous applications made involving any of the persons referred to in the application, Bagley being one. Failure to disclose information about prior wiretaps and wiretap applications involving persons whose communications were going to be intercepted requires suppression of evidence obtained by such wiretaps. State v. Aurilio, 366 So.2d 71 (Fla. 4th DCA 1978). Since the amended affidavit was based solely on the facts set out in the original affidavit, the trial court erred in denying the appellant's motion to suppress contents of the intercepted wire communications.
The affidavit in support of the search warrant for Bagley's home relied on information obtained from the wiretap. Since we have ruled that the wiretap was illegal, the motion to suppress evidence should have been granted.
As to the sentence imposed, the appellant was found guilty on two counts for violating section 893.13(1)(a), (e), Florida Statutes, a third degree felony punishable by a maximum term of imprisonment of five years; and one count for violating section 893.13(3)(a)(4), Florida Statutes, also a third degree felony. The appellant was sentenced to four years on each count, followed by two years probation on each count, totally six years for each count. In State v. Holmes, 360 So.2d 380 (Fla. 1978), the court held that the combined time spent incarcerated and on probation must not total more than the maximum period of incarceration allowed by statute for the offense. Therefore, the trial court erred in the sentence he imposed upon the appellant.
The orders denying suppression of evidence are reversed and the conviction is set aside and this cause is remanded in order to permit appellant to withdraw his plea of nolo contendere. Upon remand the trial court should again hear the appellant's motion *1039 to return seized property and return to the appellant all items of a non-contraband nature.
REVERSED AND REMANDED.
ORFINGER and COBB, JJ., concur.