PER CURIAM.
After an examination of the record as directed in Bundy v. State, 471 So.2d 9 (Fla.1985), we find the circumstantial evidence sufficient to sustain the jury verdicts and judgments of conviction even excluding all evidence possibly tainted by the hypnotically refreshed testimony. There is no reasonable possibility that such evidence contributed to the conviction.
Imprisonment for life is the statutory maximum punishment for the offense of burglary, a felony of the first degree (§ 810.02(2)(a), Fla.Stat.). Therefore the defendant’s sentence of life imprisonment followed by twenty years probation for this offense exceeds the statutory maximum. *1191 See, e.g., State v. Holmes, 360 So.2d 380 (Fla.1978); McGraw v. State, 404 So.2d 817 (Fla. 1st DCA 1981); Bagley v. State, 397 So.2d 1036 (Fla. 5th DCA 1981). The sentencing provision for probation following life imprisonment is stricken.
We affirm the defendant’s convictions and, as amended, the sentences imposed.
AFFIRMED.
UPCHURCH, SHARP and COWART, JJ., concur.