COOK, JACK H., Associate Judge.
Appellant, Aida Hernandez, was convicted of trafficking in cocaine in excess of 400 grams and of conspiracy to traffic in cocaine in excess of 400 grams. She was given two concurrent twenty-five year sentences and fined $250,000. The sentences exceed that recommended by the sentencing guidelines.
Ms. Hernandez now appeals the convictions and sentences, alleging: first, that the convictions were based in part on information generated by an illegal wiretap and, second, that the trial judge did not state valid reasons for departing from the sentencing guidelines.
We hold that the wiretap was not illegal but that the case must be remanded for another sentencing hearing.
On March 2, 1987, after obtaining authorization from the State Attorney’s Office, Detective Lenz of the Indian River County Sheriffs Office filed a seventeen-page application for a wiretap involving the phone lines at the residence of Jimmy Killings. The authorization and application fully complied with the requirements of section 934.09, Florida Statutes (1987). On that same day a circuit judge entered a five-page order authorizing the wiretap. On March 4, 1987, Detective Lenz filed a one-page “Application For Amended Wire Intercept Order,” noting that the intercept order of March 2 had been signed and that Jimmy Killings was changing his phone number. This application asked the court to enter an amended order authorizing an intercept on the new phone number but did not restate all the matters contained in the original application. The judge who entered the original wiretap order then entered a two-paragraph “Amended Order,” which stated:
The Court finds that an amended order should be entered changing the telephone number to be intercepted in the original order from (305) 778-1916 to (305) 778-2863. In all other respects the original order remains in full force and effect.
In attacking the legality of the wiretap, Aida Hernandez relies on two cases, Bagley v. State, 397 So.2d 1036 (Fla. 5th DCA 1981), and Wilson v. State, 377 So.2d 237 (Fla. 2d DCA 1979). In both of these cases, after a wiretap was entered, the subject of the tap changed residences and phone numbers. The Bagley and Wilson courts reasoned that, when a residence change occurs, section 934.09 requires that any supplemental application set out anew whether other investigative procedures have been tried and failed and, if not, why such measures would be too dangerous or reasonably appear unlikely to succeed. This case presents a good example of why such a requirement should exist where there has been a change of address. In the original application, Detective Lenz pointed out why the Killings’ property was almost impossible to surveil and why other surveillance techniques had failed. A change of address would have negated many of those considerations. However, a change in telephone number without a change in address could not possibly affect the availability or efficacy of other surveillance techniques.
This question was addressed under Florida law in United States v. Bascaro, 742 F.2d 1335 (11th Cir.1984). After drawing the distinction between a change in address and a change in telephone number, the court stated at page 1348 of the opinion:
The foregoing comparison of Bagley and Wilson to the instant case leads us to conclude that Dobson’s amendment applications were sufficient under Florida law. The naked formality of restating information in the amendment that would, in the context of this case, necessarily be identical in every respect to that presented one or two weeks [two days in this case] before to the same circuit *883 judge in the original application was not indispensable.
We agree.
In the matter of the sentence, we note that the trial judge stated two reasons for departure: first, that the crime was committed in a professional manner, and second, the amount of drugs involved. The former reason is acceptable for departure while the latter is not. Section 921.001(5), Florida Statutes (1987), provides that a departure sentence should be affirmed if the trial court sets out one valid reason for departure, even if other invalid reasons are also stated. In State v. McGriff, 537 So.2d 107 (Fla.1989), our supreme court held that this statute could not be applied to cases arising prior to its 1987 effective date. The crimes charged in this case occurred before 1987 and, thus, we are bound by the holding in Albritton v. State, 476 So.2d 158 (Fla.1985). We cannot determine from the record, to the exclusion of a reasonable doubt, that the trial court would have imposed the departure sentence based solely on the professional nature of the crime.
Accordingly, we affirm the conviction, vacate the sentence and remand for another sentencing hearing.
AFFIRMED IN PART, REVERSED IN PART, and remanded.
GLICKSTEIN and DELL, JJ., concur.