PER CURIAM.
The defendant was convicted of first degree murder, a capital felony, and sentenced to life imprisonment with a twenty-five year mandatory minimum term, to be followed by life probation. The defendant appeals, arguing that his split sentence is illegal for exceeding the statutory maximum.
Section 775.082(1), Florida Statutes (1989), states that if the death penalty is not imposed, a person convicted of a capital felony shall be punished by life imprisonment and shall be required to serve no less than twenty-five years before becoming eligible for parole. Therefore, the split sentence imposed in this case of life imprisonment followed by life probation exceeds the statutory maximum for a capital felony not involving the death penalty. See Dirk v. State, 478 So.2d 1190 (Fla. 5th DCA 1985) (where imprisonment for life is the statutory maximum punishment, defendant’s sentence of life imprisonment followed by twenty years probation exceeds the statutory maximum).
The probation term is stricken from the sentence which is affirmed as thus amended.
SENTENCE AMENDED AND AFFIRMED.
GOSHORN, C.J., and COWART and HARRIS, JJ., concur.