458 So.2d 1156 (1984)
Winford Lee DICKEY Appellant,
v.
STATE of Florida, Appellee.
No. AW-470.
District Court of Appeal of Florida, First District.
November 6, 1984.
*1157 Michael Allen, Public Defender; Virginia Daire, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Gary L. Printy, Asst. Atty. Gen., Tallahassee, for appellee.
MILLS, Judge.
Dickey appeals his conviction of grand theft and from the imposition of a sentence allegedly deviating from the sentencing guidelines as established in Rule 3.701, Florida Rules of Criminal Procedure. We affirm.
Dickey was charged with grand theft after he was observed by a store owner and his wife with articles of clothing from the store concealed in leg warmers which he wore under his trousers. As well as the testimony of the owners, the State presented a rebuttal witness to impeach Dickey's previous testimony, volunteered on direct examination, that he had never been in the store prior to the alleged theft. The witness, a store employee, testified that she had encountered Dickey in the store about a month before the incident, and that he had acted in a manner similar to the method of the crime charged, regarding other items of clothing, although she did not actually see him remove items from the store. The defense objected to this "Williams Rule" evidence (specific act testimony) on the ground that it had not received notice of the State's intent to use it at trial. The *1158 court held the testimony admissible based on Section 90.404(2)(b), Florida Statutes (1983), which obviates the need for such notice when the testimony is offered for purposes of rebuttal or impeachment, and the jury heard the witness' testimony. Dickey was convicted.
At the subsequent sentencing proceeding, Dickey elected to be sentenced under the guidelines. The court had before it a presentence investigation (PSI) report, which listed 23 arrests; only six of which (one felony and five misdemeanors) had dispositions indicated. The PSI also included information obtained from Dickey's mother and a drug abuse counselor of a longstanding (8-10 years), continuing problem with drug abuse (specifically addiction to dilaudid) and its contribution to Dickey's criminal history. Dickey's guidelines score sheet reflected a total of 24 points, reflecting the instant conviction and his prior record of one felony and five misdemeanor convictions. The recommended guidelines sentence was "any non-state prison sanction"; the court sentenced Dickey to 40 months in Lantana Correctional Institution, to afford him the opportunity to participate in the drug rehabilitation program there. Its written reasons for this departure were: "1) manner in which crime was committed shows absolute premeditation. Was done in manner to indicate a `pro.' 2) prior record and drug usage does not lend itself to rehabilitation while in the community."
Dickey appeals his conviction on the ground that it was error to admit the rebuttal witness' testimony because: 1) the impeached testimony was irrelevant, and it was error to allow it to be impeached, see Section 90.608(1)(e), Florida Statutes, and 2) even if it was relevant, the probative value of the impeaching testimony was outweighed by the danger of unfair prejudice, see Section 90.403, Florida Statutes. We disagree on both counts.
It was not error to allow the witness' testimony for the purpose of impeaching Dickey's statements based on lack of notice. The witness' testimony clearly impeached his credibility and therefore no notice was required. See Tuff v. State, 408 So.2d 724, 729-30 (Fla. 1st DCA 1982); Section 90.404(2)(b), Florida Statutes. As for the grounds for inadmissibility raised by Dickey on appeal, they were not raised at trial. For an argument to be cognizable on appeal, it must be the specific contention asserted as legal grounds for the objection below. Steinhorst v. State, 412 So.2d 332, 338 (Fla. 1982). Dickey argues, however, that the actions of the court were "fundamental error" so as to warrant consideration on appeal despite the failure to preserve the issue below.
In White v. State, 446 So.2d 1031 (Fla. 1984), the Florida Supreme Court stated that to be fundamental, an error must "be of the magnitude that would have prevented the jury from reaching a fair and impartial verdict." Id. at 1034. Here, leaving aside the disputed testimony, the case against Dickey was very strong, including eyewitness testimony that the stolen clothing was under the leg warmers and that Dickey removed the clothing from the warmers before the arrival of the police. Therefore, even if the court erred in admitting the impeaching testimony, we do not believe such error would have prevented the jury from reaching a fair and impartial verdict. White, supra; see also Holland v. State, 432 So.2d 60 (Fla. 1st DCA 1983), (considering the clear and convincing evidence identifying appellant as the perpetrator, any error would be harmless). We therefore hold that the trial court's admission of the disputed testimony did not rise to the level of fundamental error so as to excuse counsel's failure to raise these specific contentions at trial.
We also find no error in the trial court's deviation from the sentencing guidelines. In Manning v. State, 452 So.2d 136 (Fla. 1st DCA 1984), this court rejected the notion that Rule 3.701(d)(11), Fla.R.Cr.P., forbids consideration of all factors relating to the instant offense for purposes of deviating from the guidelines but rather only those "factors, related to ... the instant offense, for which conviction has not been obtained." Id. at 139 (emphasis *1159 supplied). Therefore, the trial court's consideration of Dickey's "professional manner" in committing the crime is proper. With regard to the court's use of Dickey's prior record to deviate from the guidelines, we agree that the use of any prior offense for which conviction has not been obtained would be erroneous. Rule 3.701(d)(11), Fla.R.Cr.P. However, nothing in Rule 3.701 states that the court cannot consider offenses for which the offender has been convicted, even if already considered in calculating the guidelines range score. See Hendrix v. State, 455 So.2d 449 (Fla. 5th DCA 1984). Therefore, the court's use of Dickey's prior record, as shown by the one felony and five misdemeanors for which convictions were obtained, to deviate from the guidelines was proper.
We affirm.
ERVIN, C.J., and ZEHMER, J., concur.