480 So.2d 225 (1985)
Willie Roosevelt BROWN, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 85-537.
District Court of Appeal of Florida, Fifth District.
December 26, 1985.
*226 James B. Gibson, Public Defender, and Michael O'Neill, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from a sentence. The court based its departure from the recommended guideline sentence upon both permissible and impermissible reasons. Because the state has not shown beyond a reasonable doubt that the absence of the impermissible reason would not have affected the departure sentence, we must reverse the sentence and remand for resentencing. Griffin v. State, 479 So.2d 739 (Fla. 1985).
An examination of the court's reasons for the departure for the purpose of determining whether they are "clear and convincing" is inherent in a review of the extent of a departure. Albritton v. State, 476 So.2d 158 (Fla. 1985). The trial court's reliance on appellant's juvenile record which was not scored in computing the recommended sentence is valid. Weems v. State, 469 So.2d 128 (Fla. 1985). The court's reliance on the fact that appellant committed offenses other than the ones for which he received sentences, is not clear and convincing because these other offenses did not result in convictions. Fla.R. Crim.P. 3.701(d)(11). In its final reason, the court acknowledges the professional manner in which appellant committed the crimes. This is a valid reason for departure because appellant's professional manner is a factor related to the instant offense. See Dickey v. State, 458 So.2d 1156 (Fla. 1st DCA 1984).
The sentence is reversed and this matter remanded for resentencing. See also Albritton v. State, 476 So.2d 158 (Fla. 1985).
REVERSED and REMANDED.
ORFINGER and COWART, JJ., concur.