496 So.2d 211 (1986)
Alphonso LEWIS, Appellant,
v.
STATE of Florida, Appellee.
No. BK-113.
District Court of Appeal of Florida, First District.
October 15, 1986.
Michael E. Allen, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Barbara Ann Butler, Asst. Atty. Gen., Jacksonville, for appellee.
BARFIELD, Judge.
Of the several issues raised in this appeal from a conviction and sentence for second degree murder, only those involving sentencing merit discussion. We affirm the conviction, but remand for resentencing.
Appellant asserts that the judge did not prepare his own reasons for departure from the recommended guidelines sentence, but simply copied the reasons submitted by the prosecutor, and that this constitutes reversible error. In Leopard v. State, 491 So.2d 1284 (Fla. 1st DCA 1986), this court rejected a similar claim, but emphasized the responsibility of the trial judge to provide clear and concise reasons for departure after careful consideration of the appropriate aggravating and mitigating factors, noting that this duty is not met by a mere "rubber stamp" by the trial judge of reasons articulated by one of the parties, without careful consideration of each reason.
Appellant also asserts that the trial judge failed to state clear and convincing reasons for departure. The trial court listed five reasons for departure, of which only the first two, involving the manner in *212 which the murder was carried out and the vulnerability of the elderly victim, are permissible. Under Albritton v. State, 476 So.2d 158 (Fla. 1985), the appellate court is required to remand for resentencing in such circumstances unless it is able to determine beyond a reasonable doubt that the trial judge would have departed from the recommended sentence to the extent he did without consideration of the impermissible reasons and solely on the basis of the permissible reasons. Nixon v. State, 494 So.2d 222 (Fla. 1st DCA 1986). We are unable to make such a determination in this case.
The conviction is AFFIRMED, the sentence is REVERSED, and the case is REMANDED for resentencing.
ERVIN and WIGGINTON, JJ., concur.