PER CURIAM.
This is an appeal of a sentence which upwardly departs from the guidelines and provides for four' consecutive five-year terms of imprisonment. The trial judge listed three bases for deviating from the guidelines sentence range of two-and-a-half to three-and-a-half years’ imprisonment. Because all three reasons are invalid, we rev.erse.
The first ground, that the defendant violated his probation, cannot support the trial judge’s seven-cell departure where the general rule provides for a one-cell increase for probation violation. See Ehrenshaft v. State, 478 So.2d 842 (Fla. 5th DCA 1985), rev. denied, 488 So.2d 831 (Fla.1986).
The second ground, economic hardship on the victims, is not a permissible reason for departure from the presumptive sentence. Hankey v. State, 485 So.2d 827 (Fla.1986).
Finally, the third ground for departure cannot be sustained where the trial court’s assessment that the defendant committed the burglary “in a particularly professional manner” is not supported by the record. See Mullen v. State, 483 So.2d 754 (Fla. 5th DCA 1986).
For the above-stated reasons, the sentence is reversed and the case remanded for resentencing in accordance with the sentencing guidelines.
Reversed and remanded.