502 So.2d 1347 (1987)
Arthur J. YOUNG, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1038.
District Court of Appeal of Florida, Second District.
February 25, 1987.
*1348 Raymond E. LaPorte, Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Theda R. James, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
Young appeals his convictions and sentences for trafficking in cocaine in a quantity greater than 200 grams, conspiracy to traffic in cocaine in a quantity greater than 200 grams and possession with intent to use drug paraphernalia. He raises several points on appeal, but we find merit in only one. Accordingly, we affirm his convictions but vacate his sentences and remand for resentencing.
The trial court listed three general reasons for departure which can be summarized as follows: defendant is a professional drug dealer; the crime was part of a professional, well-organized scheme of criminal activity; and the crime involved numerous persons other than the defendant. At the conclusion of his written reasons for departure, the trial judge wrote, "the guidelines do not contemplate any of the three factors enumerated above and, accordingly, any one of which would justify going beyond the guidelines." Our review of the existing case law convinces us that two of the three reasons for departure listed by the trial judge are invalid. The first and third reasons given by the trial court are inherent in the crime of which appellant was convicted. Nearly every person convicted of trafficking in cocaine in the amount present in this case could be considered a professional drug dealer. Therefore, the trial court's first reason for departure is invalid as it is an inherent component of the crime for which he was convicted. State v. Mischler, 488 So.2d 523, 526 (Fla. 1986). The trial court's third reason for departure, the fact the crime involved other persons, is also an inherent component of the crime of trafficking in cocaine. The state's theory at trial was not that appellant merely possessed the cocaine, but that he sold, manufactured and/or delivered the cocaine. It is axiomatic that sale or delivery involves other persons. Therefore, the trial court's third reason for departure is invalid. Our review of the record in general, and the written reasons for departure in specific, do not give us the confidence to say that the trial court would have departed for the sole remaining reason.
The trial court's second reason for departure appears to be valid. The professional manner in which a crime is committed has been found to be a valid reason for departure. Brown v. State, 480 So.2d 225 (Fla. 5th DCA 1985); Dickey v. State, 458 So.2d 1156 (Fla. 1st DCA 1984), implicitly overruled on other grounds by Hendrix v. State, 475 So.2d 1218 (Fla. 1985). Our confidence in the trial court's statement that any of the factors alone would justify departure is undermined by the type of evidence introduced at trial. The state introduced "Williams rule"[1] evidence of other similar criminal activity. While we find no error in the introduction *1349 of that evidence, as shown by our affirmance of appellant's convictions, it appears from the record that the trial court may have unintentionally allowed the "Williams rule" evidence to influence his written reasons for departure. It is clear that the trial court is not allowed to use evidence of criminal activity of which appellant is neither charged nor convicted in departing from the guidelines. Sloan v. State, 472 So.2d 488 (Fla. 2d DCA 1985), modified in part on other grounds, 491 So.2d 276 (Fla. 1986); Banzo v. State, 464 So.2d 620 (Fla. 2d DCA 1985). When "Williams rule" evidence is admitted, the trial court must be very careful to avoid this problem. We are not convinced by either the record or the state's brief that the trial court would have departed for the one valid reason. Casteel v. State, 498 So.2d 1249 (Fla. 1986).
One matter remains. It appears that a scrivener's error occurred in transcribing appellant's credit for time served. Upon remand, appellant's sentence should be corrected to include "credit for all of the time he spent in the county jail before sentence." § 921.161(1), Fla. Stat. (1985). Kronz v. State, 462 So.2d 450, 451 (Fla. 1985).
Affirmed in part; reversed in part and remanded for resentencing consistent with this opinion.
DANAHY, C.J. and HALL, J., concur.
NOTES
[1] Williams v. State, 110 So.2d 654 (Fla. 1959), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86.