FERGUSON, Judge.
Based on information received from a confidential informant that Chirino was dealing in drugs, Metro-Dade police officers obtained a warrant to search his home. Armed with the warrant, the officers went *98 to the home, knocked on the door, and yelled “Police, search warrant, open the door.” After receiving no response the door was forced open. When the officers attempted to force open a locked master-bedroom door, Chirino fired, wounding one of the officers. Return fire by the injured officer wounded Chirino and his child.
A search of the house revealed $746 in cash, an envelope containing three and one-half ounces of cocaine, a baby scale containing residue of cocaine, a triple-beam scale, two hand guns, two unloaded rifles, and a beeper. The officers found another hand gun in an automobile parked outside the home. A jury convicted the appellant of attempted murder, trafficking in cocaine, and unlawful possession of a firearm while engaged in a criminal offense. The court vacated the finding of guilt as to the attempted murder charge. Departing from the presumptive guideline sentence of five years, the court sentenced the defendant to eight years in prison, and imposed a $50,-000 fine.
In defense against the charges, Chirino testified that he (1) fired the gun because he thought the officers were burglars, (2) had no knowledge of the cash found concealed in the house, (3) never saw the cocaine in his bedroom and had no knowledge of it, (4) knew nothing about the triple-beam scale found in a utility closet, and (5) did not know the price of the luxury automobiles parked in his driveway.
As the main issue in this appeal, Chirino contends the court erred in denying his motion for a judgment of acquittal. There are no grounds for reversing the convictions. “A defendant in a criminal prosecution, moving for a directed verdict of acquittal, admits facts in evidence adduced and every conclusion favorable to the state fairly and reasonably inferable therefrom.” Andreasen v. State, 439 So.2d 226, 228 (Fla. 3d DCA 1983), review denied, 449 So.2d 264 (Fla.1984). The evidence of trafficking in cocaine was sufficient to withstand a motion for acquittal. The jury, as it lawfully could have, obviously rejected Chirino's defenses.
The statutory guideline sentence is five years. The reasons given by the trial court for exceeding the guidelines are all invalid as the state now, necessarily, concedes.[1]
The convictions are affirmed; the eight-year sentence is vacated and the cause is remanded with instructions to impose a sentence within the guidelines.

. As reasons for exceeding the guideline sentence, the court noted:
(1) Defendant's admission of prior involvement with drugs.
(2) Physical evidence manifesting activities of a drug dealer.
(3)Conduct with probation officer preparing presentence report was an obvious manipulation of the criminal justice system.
All three reasons have been ruled invalid by courts of this state. See Young v. State, 502 So.2d 1347 (Fla. 2d DCA 1987); Bauza v. State, 491 So.2d 323 (Fla. 3d DCA 1986); Evrard v. State, 502 So.2d 3 (Fla. 4th DCA 1986).