518 So.2d 975 (1988)
Joan Elethia HOYTE, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1393.
District Court of Appeal of Florida, Second District.
January 20, 1988.
James Marion Moorman, Public Defender, Bartow, and Brad Permar, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Candance M. Sunderland, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
Appellant challenges her sentence for possession of cannabis. Specifically, she argues that the trial court erred when it departed from the recommended guidelines sentence.
Appellant, a Jamaican citizen, arrived at Tampa International Airport from Jamaica on August 28, 1985. Police observed her abandoning a suitcase with her name on it. Their check of the suitcase revealed 21 pounds of marijuana wrapped in brown paper, covered in carbon paper, and sealed inside a solid fiberglass container.
Appellant pled guilty to possession of cannabis, a third-degree felony. The guidelines recommended sentence was any non-state prison sanction. The trial judge, however, departed from the guidelines and imposed a prison sentence of five years, the *976 maximum sentence for a third-degree felony. § 775.082(3)(d), Fla. Stat. (1985). At the sentencing hearing the trial judge stated that he was "exceeding the guidelines because of the amount involved, plus the sophistication of the packaging, which indicates this is not some personal use or penny ante situation. It's a professional job." He noted on the scoresheet and in a subsequent order that he was departing due to the amount of drugs and the sophistication of the packaging which indicated that it was a professional effort to smuggle cannabis.
We agree with appellant that under the circumstances of this case the first ground (i.e. the amount of drugs) is not a valid reason for departure. The state urges that Jean v. State, 455 So.2d 1083 (Fla. 2d DCA 1984), supports its argument that the quantity of drugs involved in the offense is a valid reason to depart from the guidelines. In Jean, two pounds of marijuana was involved. This court in affirming the trial court's departure noted that the two pounds in the defendant's possession far exceeded the twenty grams necessary for a felony conviction; however, our opinion in Jean was not based solely on the quantity of drugs. Rather, it emphasized departure from a recommended sentence of any nonstate prison sanction in favor of incarceration so as to punish the defendant and deter him from committing any future drug offenses.
We do not think that it was the intent of the legislature to enhance a sentence when the amount of drugs falls within one of the statutory categories set forth by the legislature in sections 893.13, 893.135, Florida Statutes (1985). Neither the guidelines nor the statute making the possession of cannabis a criminal offense provides for any distinction between possession of 20 grams and 100 pounds. Stanley v. State, 507 So.2d 1131 (Fla. 5th DCA 1987); see Koopman v. State, 507 So.2d 684 (Fla. 2d DCA 1987). This is distinguishable from cases where courts have departed when the amount of drugs exceeds the minimum limit of the highest statutory categories set forth in section 893.135. Downing v. State, 515 So.2d 1032 (Fla. 1st DCA 1987); Coleman v. State, 491 So.2d 1292 (Fla. 2d DCA 1986); Pursell v. State, 483 So.2d 94 (Fla. 2d DCA 1986).
We think the trial court's second reason for departure is valid. As noted, the packaging of the marijuana was indeed sophisticated. Further, evidence showed that "perfume or something" had been placed inside the fiberglass container presumably to mask the smell of the marijuana. The professional manner in which a crime is committed has been held to be a valid reason for departure. See Young v. State, 502 So.2d 1347 (Fla. 2d DCA 1987) (the crime of trafficking in cocaine was part of a well organized scheme); Brown v. State, 480 So.2d 225 (Fla. 5th DCA 1985) (the crime was committed in a professional manner); Dickey v. State, 458 So.2d 1156 (Fla. 1st DCA 1984) (concealing stolen items of clothing in leg warmers which the defendant wore under his trousers), implicitly overruled on other grounds by Hendrix v. State, 475 So.2d 1218 (Fla. 1985). Moreover, while the amount of marijuana involved, twenty-one pounds, is not an independent reason for departure, we think it definitely indicates that the marijuana was brought into the United States for more than personal consumption. Cortez v. State, 488 So.2d 163 (Fla. 1st DCA 1986) (the amount of cocaine indicated that it was not just for personal consumption).
We find the departure in this case to be grounded on one permissible and one impermissible reason. Since the state has not shown beyond a reasonable doubt that the absence of the invalid reason would not have affected the departure sentence, we reverse this case and remand for resentencing pursuant to Albritton v. State, 476 So.2d 158 (Fla. 1985).[1]
DANAHY, C.J., concurs.
SCHOONOVER, J., dissents with opinion.
*977 SCHOONOVER, Judge, dissenting.
I respectfully dissent. Although I agree that under the facts in this case the amount of drugs involved is an invalid reason for departure, I believe that the trial court's other reason for departure was also invalid. I would, therefore, remand for resentencing within the guidelines.
In the written reasons provided both on the scoresheet and in the subsequent order of aggravating circumstances, the trial judge indicated that departure from the guidelines was warranted because of the amount of cannabis involved and because the sophistication of the packaging indicated that there was a professional effort to smuggle cannabis into the United States. Florida Rule of Criminal Procedure 3.701(d)(11) provides that reasons for departure "shall not include factors relating to the instant offense for which convictions have not been obtained." A reason which is prohibited by the sentencing guidelines can never be used to justify departure. State v. Mischler, 488 So.2d 523 (Fla. 1986). Here, the appellant was not charged with, nor convicted of, bringing a controlled substance into the state of Florida in violation of section 893.13(1)(d), Florida Statutes (1985). Thus, the trial court could not depart based upon the appellant's effort to "smuggle." See Colvin v. State, 501 So.2d 118 (Fla. 2d DCA 1987).
To the extent that the trial court's second reason can be interpreted to mean that departure was based upon the professional manner in which the crime of possession of a controlled substance was committed, I do not believe that the record supports such a finding. Although this court has held the professional manner in which a crime is committed may be a valid reason for departure, Young v. State, 502 So.2d 1347 (Fla. 2d DCA 1987), the facts supporting the reasons for departure must be credible and proven beyond a reasonable doubt. Mischler. The record reflects that a Jamaican with a third grade education, no prior record, and two young children was found with cannabis packaged in a professional manner when she arrived in Florida from her native land. The fact that she or someone else did a sophisticated job in packaging the cannabis does not show beyond a reasonable doubt that the crime of possession was committed in a professional manner. Rather, as stated by the trial court, the sophisticated manner of packaging the cannabis only indicates that the appellant was trying to bring illegal drugs into Florida, a crime for which she was not charged or convicted. I would, therefore, reverse and remand for resentencing within the guidelines.
NOTES
[1] We need not consider the effect of section 921.001(5) as amended by chapter 87-110, section 2, since the crime involved in this case was committed prior to July 1, 1987.