ERVIN, Judge.
Austin James Gray raises two issues in his appeal. Finding no merit in the first issue, we address only the second, urging that the lower court erroneously imposed a sentence in excess of the sentencing guidelines, and, upon concluding that seven of the eight reasons given for departure by the trial court are invalid, we reverse the departure sentence and remand the cause for resentencing.
Appellant argues that the trial court failed to offer any valid reason for departure from the recommended range.[1] Of the eight reasons advanced for departure by the trial court, we conclude that only reason number six, execution of a crime in a professional manner, is valid. See Dickey v. State, 458 So.2d 1156 (F]a. 1st DCA 1984). In the instant case, appellant wore a disguise, a jumpsuit which he removed after the robbery, and also used during the robbery's commission a sawed-off shotgun. Although appellant proved not to be a very skilled criminal, as he was caught in possession of his disguise shortly after the robbery, and possessed the necessary tools of the trade, we agree that he can be reasonably characterized as a professional criminal.
Reasons one, two, three and five are invalid as they contain elements of the crimes for which appellant was convicted, armed robbery with a firearm and aggravated assault with a firearm. See State v. Mischler, 488 So.2d 523, 525 (Fla.1986) (“A court cannot use an inherent component of the crime in question to justify departure.”). Moreover, there is no evidence in the record supporting reason four — the use of excessive force.
In relying on Everage v. State, 504 So.2d 1255 (Fla. 1st DCA 1986), rev. denied, 508 So.2d 13 (Fla.1987), as to reason number seven, the trial court stated that appellant “attempted to evade detection and apprehension by throwing the fruits of his crime, a wad of currency, into the bushes at the time he was stopped by a uniformed deputy.” We cannot agree. We are unable to liken appellant’s unsuccessful attempt to throw the stolen money away in plain view of the apprehending officers with the defendant’s elaborate coverup of the murder that occurred in Ever-age, and so conclude that there is at bar a lack of record support revealing any significant attempt to evade detection.
The final reason given for departure was that the guideline sentence of Alh to 5V2 years “is manifestly not sufficient to provide the appropriate retribution, deterrence or time for rehabilitation of defend- *93 ánt.” The Florida Supreme Court in Scott v. State, 508 So.2d 335, 337 (Fla.1987), stated that a trial court’s written finding that “a recommended sentence is insufficient may never serve as a reason for departure.” (e.s.) The court, however, continued that “where there is at least one clear and convincing reason for departure, such statement should be considered the trial court’s written conclusion that departure is necessary based on the valid reasons given in the departure order.” Id. (e.s.) Therefore, while reason number eight is not a valid reason for departure, it is not a per se ground for reversal, as the court has stated one valid ground for departure: reason six.
Because it has not been shown beyond a reasonable doubt that the sentence would have been the same without the invalid reasons, we remand the case to the trial court for resentencing. See Griffis v. State, 509 So.2d 1104 (Fla.1987). On remand, the trial court, after reweighing the one valid departure reason, has the discretion either to impose a guideline sentence or again impose a sentence outside the guidelines.
AFFIRMED in part, REVERSED in part, and REMANDED for additional proceedings.
SMITH, C.J. and NIMMONS, J., concur.

.The trial court gave the following reasons for departure:
1. The defendant committed an armed robbery of a grocery store during the nighttime while carrying a sawed-off shotgun.
2. Defendant brandished the shotgun in a menacing and life-threatening manner.
3. The victim rightfully understood the defendant was threatening him with the shotgun and that he was in imminent danger of death or great bodily harm.
4. The use of such force was excessive given the circumstances of this case.
5. Defendant had the apparent ability to carry out all threats made.
6. Given the weapon and the disguise used during the commission of the robbery, it is concluded the robbery was executed in a professional manner. Dickey v. State, 458 So.2d 1156 (1 DCA 1984).
7. Defendant attempted to evade detection and apprehension by throwing the fruits of his crime, viz., a wad of currency, into the bushes at the time he was stopped by a uniformed deputy. Everage v. State, 504 So.2d 1255 (1 DCA 1986).
8. The sentencing guideline recommendation of 41/2-5i/2 years imprisonment is manifestly not sufficient to provide the appropriate retribution, deterrence or time for rehabilitation of defendant. Mincey v. State, 460 So.2d 396 (1 DCA 1984).