ON MOTION TO RECALL MANDATE
JOANOS, Judge.
Appellant’s motion to recall mandate, which was filed prior to issuance of the mandate, has served to stay the mandate in this case. In essence, appellant’s motion sought reconsideration of the departure sentence imposed, in light of the supreme court’s opinion in Atwaters v. State, 519 So.2d 611 (Fla.1988), released contemporaneously with this court’s denial of appellant’s motion for rehearing. We deny the motion.
A jury found appellant guilty of conspiracy to traffic in more than 10,000 pounds of cannabis. Although the recommended guideline sentencing range was 3½ to 4½ years, section 893.135, Florida Statutes, provides a 15-year mandatory minimum term of imprisonment for the offense for which appellant stands convicted.
Notwithstanding the mandatory minimum sentence, which appellant concedes is applicable to this case, the trial court imposed a sentence which exceeds both the mandatory minimum sentence and the recommended guideline sentence. As reasons for departure, the trial court relied on (1) the mandatory provisions of section 893.-135, (2) the international scope of the conspiracy, (3) the sophistication of the conspiracy, and (4) the fact that the quantity of cannabis involved was three times the amount required to trigger the 15-year mandatory minimum sentence.
We affirmed appellant’s conviction and departure sentence, after determining that reasons two, three, and four constituted permissible reasons for departure. The second and third departure reasons both contemplate the professional manner in which the crime was committed. The professional manner employed in the furtherance of a criminal scheme has been held a valid reason for departure. See *1227 Downing v. State, 515 So.2d 1032 (Fla. 1st DCA 1987); Lewis v. State, 496 So.2d 211 (Fla. 1st DCA 1986); Dickey v. State, 458 So.2d 1156 (Fla. 1st DCA 1984); Young v. State, 502 So.2d 1347 (Fla. 2d DCA 1987); Mullen v. State, 483 So.2d 754 (Fla. 5th DCA 1986). At the time of our earlier determination we considered the fourth reason, which contemplates the quantity of drugs involved in the criminal offense, to have been valid. See Flournoy v. State, 507 So.2d 668 (Fla. 1st DCA 1987); Atwaters v. State, 495 So.2d 1219 (Fla. 1st DCA 1986). Subsequently, however, in Atwaters v. State, 519 So.2d 611 (Fla.1988), the supreme court held that the quantity of drugs involved in a crime does not constitute a valid reason for departure. See also Flournoy v. State, 522 So.2d 340 (Fla.1988), disapproving this court’s en banc opinion reported at 507 So.2d 668 (Fla. 1st DCA 1987).
From our examination of the record, we conclude that on remand, the trial court would impose the same sentence although the fourth reason would now be deemed invalid. Therefore, we deny appellant’s motion. See Albritton v. State, 476 So.2d 158 (Fla.1985).
Accordingly, we deny the motion to recall mandate and affirm the conviction and sentence appealed.
BARFIELD, J., concurs with written opinion.
ERVIN, J., dissents with written opinion.