FRANK, Judge.
The appellants appeal from convictions for racketeering, conspiracy, and trafficking arising out of their participation in an interstate cocaine distribution scheme. We have carefully considered each contention raised by the appellants. The only meritorious point concerns the sentences,
The trial court entered a written order justifying deviation from the guidelines recommended sentences based upon “the facts of the case, due to the amount of money involved and the sophistication of the offense, because of the amount of drugs involved and the effects of this cocaine distribution ring upon the community.” The only arguably valid basis for departure is the “sophistication of the offense.” In spite of the professional manner in which the crime was committed, it is not a proper ground for deviation from the presumptive sentence. See Hoyte v. State, 518 So.2d 975 (Fla. 2d DCA 1988); Young v. State, 502 So.2d 1347 (Fla. 2d DCA 1987), and Brown v. State, 480 So.2d 225 (Fla. 5th DCA 1985). The cases following that reasoning do not involve RICO violations which by their nature implicate an unusual degree of sophistication owing to the necessity of proving that the defendant engaged in certain underlying predicate acts in fulfilling the unlawful objectives of an enterprise. A further look at the court’s written order also persuades us that the terminology “sophistication of the offense” was based almost entirely upon the amount of money and drugs involved, both of which have been held invalid departure grounds. Atwaters v. State, 519 So. 2d 611 (Fla.1988); State v. Mischler, 488 So.2d 523 (Fla.1986). The sentencing judge stated:
The evidence produced at trial showed that the cocaine ring was a highly sophisticated one in that kilos of cocaine would be transported from Tampa to Houston. Monies for the cocaine involved thousands of dollars and both Rebecca Cherry and Ruben Hughes were involved in transporting money between Tampa and Houston. The testimony showed that Mr. Kudelka was a money partner of one of the main distributors of cocaine in Houston. Mr. Varela was a cocaine dealer in Tampa, who was dealing approximately 20 ounces of cocaine on a weekly basis during the tenancy of the investigation.
Unlike the situation in Hoyte, in which the defendant was convicted of possession of twenty-one pounds of cannabis that had been professionally packaged, here there are no specific facts suggesting that this operation was more professional than any other of this type for which the defendants would be subject to RICO convictions, and we cannot approve this ground for departure.
Accordingly, we reverse the sentences and remand for resentencing within the applicable guideline range for each defend *962 ant. Shull v. Dugger, 515 So.2d 748 (Fla. 1987). The convictions are affirmed.
DANAHY, A.C.J., and LEHAN, J., concur.