PER CURIAM.
Because only two of the six reasons given for departure from the sentencing guidelines are valid, and because the crime was committed prior to the effective date of Section 921.001(5), Florida Statutes, this case must be remanded for a determination whether the same sentence would have been imposed if only the two valid reasons for departure were considered. Albritton v. State, 476 So.2d 158 (Fla. 1985). We conclude that the following reasons are valid: the professional manner employed in the commission of a crime (paragraphs 2 and 5 read in conjunction *932 with one another), see Martin v. State, 523 So.2d 1226 (Fla. 1st DCA 1988), and the timing of the crime in relation to prior offenses and release from incarceration or supervision (paragraph 4). See Stubbs v. State, 522 So.2d 444 (Fla. 1st DCA 1988); Williams v. State, 504 So.2d 392 (Fla.1987). The remaining reasons given are invalid because either the facts supporting them are too speculative or the law does not support them.
REVERSED AND REMANDED.
ERVIN, WENTWORTH and ZEHMER, JJ., concur.