COBB, Judge.
In this case the appellant argues that resentencing is necessitated by the Florida Supreme Court case of Hansbrough v. State, 509 So.2d 1081 (Fla.1987). Hans-brough held that premeditation of robbery is an invalid basis for a departure from the sentencing guidelines. Nevertheless, there was a second basis for departure utilized by the trial court: commission of a crime in a “professional manner.” That basis for departure previously has been approved by this court. Brown v. State, 480 So.2d 225 (Fla. 5th DCA 1985); see also, Dickey v. State, 458 So.2d 1156 (Fla. 1st DCA 1984).
The appellant contends in his brief that even if the “professional manner” reason is a valid ground for departure, the remaining invalid ground (premeditation) requires remand for resentencing based on Davis v. State, 517 So.2d 670 (Fla.1987) and Albritton v. State, 476 So.2d 158 (Fla.1985). The state appears to concede in its brief that resentencing is required.
Davis and Albritton have been superseded by section 921.001(5), Florida Statutes (1987), which became effective July 1,1987. That statute now provides: “When multiple reasons exist to support a departure from a guidelines sentence, the departure shall be upheld when at least one circumstance or factor justifies the departure regardless of the presence of other circumstances or factors found not to justify departure.”
The offenses for which the appellant was sentenced occurred in 1981. The sentencing guidelines affect substantive rights of a defendant, and cannot be applied ex post facto. Miller v. Florida, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987). Therefore, the 1987 legislative enactment cannot apply to this case.
Pursuant to Albritton v. State, we must remand for resentencing. At that time, the trial court should require the defendant to clearly select or reject the sentencing guidelines as a matter of record because the crimes for which he was convicted occurred on July 2, 1981. See Kearse v. State, 501 So.2d 80 (Fla. 1st DCA 1987).
REVERSED AND REMANDED FOR RESENTENCING.
DAUKSCH and COWART, JJ., concur.