535 So.2d 661 (1988)
John Richard COLLINS, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-1172.
District Court of Appeal of Florida, Third District.
December 20, 1988.
*662 Bennett H. Brummer, Public Defender and N. Joseph Durant, Jr., Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard L. Polin, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HUBBART, J., and ZEHMER, E. EARLE, Associate Judge.
PER CURIAM.
This is an appeal by the defendant John Richard Collins from two judgments of conviction for trafficking in cocaine and possession of cannabis and a total sentence of twenty-one (21) years imprisonment. The sole point on appeal is that the trial court erred in exceeding the sentencing guidelines range of 3 1/2 to 4 1/2 years imprisonment. We agree and reverse for resentencing.
The written reasons given by the trial court for departing from the aforesaid sentencing guidelines were:
"1. Evidence of flight in an admittedly high crime area with a large number of drug deals and robberies, as brought out by the defense, caused great risk of harm to the chasing police officers as well as the other individuals living in the area. See Everage v. State, 504 So.2d 1255 (Fla. 1st DCA 1986), rev. denied, 508 So.2d 13 (Fla. 1987).
2. Executing the crimes in a professional manner. See Dickey v. State, 458 So.2d 1156 (Fla. 1st DCA 1984). The packaging, use of small envelopes, locked trunk support a conclusion of professional execution."
The first reason, stated above, is not a clear and convincing reason for departing from the sentencing guidelines because it was not proven below beyond a reasonable doubt. We agree with the defendant that the record in this case does not demonstrate that the defendant's flight into the house in question exposed the police officers to any greater danger than normally encountered when arresting a fleeing felon. The defendant was unarmed; the police officers pursued and immediately caught the defendant in the house without any violent incident; other persons living in the *663 area and in the house were never in any extraordinary physical danger.
The second reason, stated above, is not a clear and convincing reason for departing from the sentencing guidelines because the stated reason is an inherent component of the crime of trafficking in cocaine. Indeed, the state concedes that this was an invalid reason for the subject departure. See State v. Cote, 487 So.2d 1039, 1039 (Fla. 1986); Chirino v. State, 516 So.2d 97, 98 (Fla. 3d DCA 1987); Alexander v. State, 513 So.2d 1117 (Fla. 2d DCA 1987); Banks v. State, 509 So.2d 1320, 1321-22 (Fla. 5th DCA 1987).
The judgments of conviction under review are affirmed; the sentences under review are reversed, and the cause is remanded to the trial court for resentencing within the sentencing guidelines.