OPINION ON MANDATE
PER CURIAM.
This case is before the court on remand from the Florida Supreme Court for reconsideration of appellant’s departure sentence. Stowers v. State, 504 So.2d 67 (Fla. 1st DCA 1987), disapproved and remanded, Stowers v. State, 534 So.2d 1143 (Fla.1988). We affirm.
Appellant was given a departure sentence based upon the following written reasons: (1) defendant’s prior record demonstrates he is a non-rehabilitative career criminal; (2) defendant has engaged in an escalating pattern of criminal conduct; (3) defendant employed a professional manner in the commission of the crimes; and (4) defendant’s guidelines sentence was insuf *716 ficient to provide appropriate retribution, deterrence, or rehabilitation.
Upon our initial review of this case, we were of the opinion that at least one of the reasons was valid. Keys v. State, 500 So. 2d 134 (Fla.1986); Williams v. State, 492 So.2d 1308 (Fla.1986); and Dickey v. State, 458 So.2d 1156 (Fla. 1st DCA 1984). See more recently, Rodrique v. State, 533 So. 2d 931 (Fla. 1st DCA 1988). Because the trial court had included boiler plate language to the effect that it would depart on the basis of any one of the reasons given, we simply affirmed without an Albritton analysis (Albritton v. State, 476 So.2d 158 (Fla.1985), and certified to the Florida Supreme Court the same question framed in VanTassell v. State, 498 So.2d 649 (Fla. 1st DCA 1986):
DOES A TRIAL COURT’S STATEMENT, MADE AT THE TIME OF DEPARTURE FROM THE SENTENCING'1 GUIDELINES, THAT IT WOULD DEPART FOR ANY ONE OF THE REASONS GIVEN, REGARDLESS OF WHETHER BOTH VALID AND INVALID REASONS ARE FOUND ON REVIEW, SATISFY THE STANDARD SET FORTH IN ALBRITTON V. STATE?
Subsequently; the Supreme Court disapproved this boiler plate language in Griffis v. State, 509 So.2d 1104 (Fla.1987), and VanTassell v. State, 512 So.2d 181 (Fla.1987); and when presented with the same question in this case, the court reversed and remanded for reconsideration in light of Griffis and VanTassell. Stowers v. State, 534 So.2d 1143 (Fla.1988).
Upon reconsideration, this court is of the view that although reasons one and four are invalid, these reasons are subsumed by the more inclusive valid second reason given — that defendant should be given a departure sentence because of his escalating pattern of criminal activity. Scott v. State, 508 So.2d 335 (Fla.1987); Williams v. State, 504 So.2d 392 (Fla.1987); Silveira v. State, 525 So.2d 429 (Fla. 1st DCA 1988); and Ruiz v. State, 516 So.2d 1057 (Fla. 3d DCA 1987), rev. denied, 525 So.2d 880 (Fla.1988). Applying the test of Albritton v. State, supra, we are convinced that even disregarding the trial court’s boiler plate language, the departure sentence would have been the same without the invalid reasons.
AFFIRMED.
SMITH, C.J., and JOANOS and BARFIELD, JJ., concur.