WARNER, Judge.
This is an appeal from an upward departure sentence of appellant after convictions for resisting arrest with violence and battery on a law enforcement officer. The trial court departed from the guidelines sentence on the ground that appellant created an unreasonable risk of harm to others and to the officers. We agree that this ground was not proved by the evidence and reverse.
On April 6, 1989, members of the Fort Pierce Police Department’s Street Crime Task Force were making a “sweep” of a predominantly black area of Fort Pierce. The unit began chasing a suspect whom they had seen throw down a bag of marijuana. Appellant was circling the area in his Jeep, following the Task van. Someone in the Jeep was yelling “don’t let Task beat you.” A hostile crowd began to gather. Appellant stopped his vehicle in the street and continued to yell at the police.
The officers completed the arrest of the suspect and upon leaving stopped appellant’s vehicle with the intent of arresting him for “causing an affray.” Officer Moran, who approached appellant, told him he was under arrest. As he began to pat down appellant, appellant turned and attacked Moran, getting him in a head-lock and causing some injuries. The other police officers jumped on Appellant to get him away from Moran. Appellant was yelling “help” and yelling that the police were just doing this because he was black. From the large crowd that had gathered, several people jumped on the police who were helping Moran. Finally, appellant was handcuffed and placed in the police van where he started a fracas in which the van was damaged, including a broken windshield.
Appellant argues that the trial court’s written departure reason of creating an unreasonable risk of harm to others and to the law enforcement officers, although a valid reason for departure, was not applicable here.
The supreme court has held that “evincing a flagrant disregard for the safety of others” is a clear and convincing reason for departure which must be proved beyond a reasonable doubt. Scurry v. State, 489 So.2d 25, 29 (Fla.1986). Some of the cases involving this reason have involved the use of a firearm with bystanders at risk. See Wright v. State, 546 So.2d 96 (Fla. 4th DCA 1989); Burgess v. State, 524 So.2d 1132 (Fla. 1st DCA 1988); Previlon v. State, 500 So.2d 716 (Fla. 4th DCA 1987). There are other cases involving arson, Rey v. State, 509 So.2d 1332 (Fla. 3d DCA 1987), and threatened use of dynamite in a bank robbery, Hall v. State, 503 So.2d 1370 (Fla. 4th DCA 1987). In these cases, it is the defendant’s conduct itself which creates the unreasonable risk of harm to others. However, here the only thing that defendant did, other than fighting with the arresting officers, was yell and incite the crowd when he was struggling with the officers. Some members of the crowd attempted to respond, but from the evidence presented, there was no danger to the crowd until individuals in the crowd chose to confront the police. Even then, there were no firearms or other weapons displayed. We do not think that the potential for unreasonable risk of harm to members of the crowd caused by third parties can be vicariously attributed to defendant. Certainly it has not been proved in this case beyond a reasonable doubt. Scurry; see also Collins v. State, 535 So.2d 661 (Fla. 3d DCA 1988).
Furthermore, the risk of harm to the officers in any of defendant’s conduct is a factor inherent in the offense of resisting arrest with violence for which appellant was convicted. Therefore, such risk cannot be a reason for departure. State v. Cote, 487 So.2d 1039 (Fla.1986).
We therefore reverse the departure sentences imposed on appellant and remand for resentencing within the guidelines. As to the remaining point raised by appellant, we affirm.
GLICKSTEIN and GARRETT, JJ., concur.