THREADGILL, Judge.
Roy Pennant appeals his convictions and guideline departure sentences stemming from an armed bank robbery, extended car chase and shoot-out with law enforcement officers. We affirm the judgments and reverse the sentences.
On January 30, 1990, the appellant and three associates held up a C & S Bank in Thonotosassa and took $50,000. The appellant was the getaway driver and waited with the motor running while the others went inside. A high speed chase and shoot-out followed which ranged over twenty-six miles and involved fifteen to twenty law enforcement officers. The chase ended when the car the appellant was driving struck a utility pole. Police shot one of the suspected robbers as he attempted to flee and he died at the scene. The appellant and the two other remaining suspects were arrested.
The state filed a twenty-four count information charging conspiracy to commit robbery with a firearm, two counts of robbery, felony murder of a coconspirator, thirteen counts of attempted first-degree murder of a law enforcement officer, two counts of attempted first-degree murder of a civilian, and five counts of discharging a firearm from a vehicle. A jury convicted the appellant of the lesser-included offenses of conspiracy to commit theft, theft of over $20,-000, thirteen counts of simple assault on a law enforcement officer, and two counts of simple assault on a civilian[1] and acquitted him of the other charges. The trial court sentenced him to thirty-one years in prison, a departure from the recommended guidelines range of twelve to thirty months’ state prison. We affirm the convictions, but reverse and remand for resentencing within the guidelines as the departure was not supported by valid reasons.
The trial court gave as reasons for departure: 1) exposing the public to danger by driving a car at high speed through residential neighborhoods and around Busch Gardens where there are hundreds of visitors; 2) driving the car in a manner that drew police fire, endangering the public; and 3) executing the robbery enterprise in a planned and sophisticated manner. None of the reasons supports a departure sentence.
As to the first reason, the appellant argues and the state concedes that reckless driving is not a basis for departure because it was a factor relating to the instant offense which was not prosecuted. Fla. R.Crim.P. 3.701(d)(ll); Banzo v. State, 464 So.2d 620 (Fla.2d DCA 1985); McIntyre v. State, 539 So.2d 603 (Fla.3d DCA 1989).
The second reason, driving in a manner that draws police fire endangering the public, is not a valid reason for departure. Reasons for deviating from the guidelines shall not include factors relating to the instant offense for which convictions have not been obtained. Fla.R.Crim.P. 3.701(d)(ll). Thus, although there was testimony that the appellant drove the car in a manner that facilitated the shooting at police officers, the jury acquitted him of this conduct by finding him not guilty of aiding and abetting the attempted first-degree murder of police officers and civilians.
The last reason for departure is also invalid because professionalism and sophistication are no longer valid grounds for departure as they are deemed to have been considered and computed in the presumptive guidelines sentence. Hernandez v. State, 575 So.2d 640 (Fla.1991). More *528 over, planning is inherent in the crime of conspiracy and thus may not be grounds for departure. Id. at 642; see Hendrix v. State, 475 So.2d 1218 (Fla.1985).
We therefore affirm the convictions. We reverse the departure sentences and remand for resentencing within the sentencing guidelines.
RYDER, A.C.J., and BLUE, J., concur.

. §§ 812.014(2)(b) and 777.04(3), Fla.Stat. (1989); §§ 812.014(2)(b), 784.011 and 784.07, Fla.Stat. (1989); and § 784.011, Fla.Stat. (1989).