PER CURIAM.
Appellant, Joseph Neale, appeals from convictions for armed burglary of a dwelling, armed robbery, and armed sexual battery. We affirm the convictions and find no merit in two of the three points Neale raises on appeal. We write only to address the issue of whether the trial court erred in imposing departure sentences for the burglary and the robbery.[1]
The recommended sentencing guidelines range for Neale’s convictions was 3½ to 4½ years, with a permissible range of 2½ to 5½ years. The trial court departed from the guidelines and imposed a sentence of 15 years incarceration for the burglary, stating that the reasons were “the calculated manner of the commission of the burglary and robbery including the plan, the gloves, the mask and the flashlight.” With regard to the robbery, the court stated that it was imposing a sentence of 15 years to run consecutive to the burglary because of the psychological trauma to the victim’s son who had witnessed the robbery. All of the departure reasons were noted on the guidelines scoresheet.
Neale argues that the trial court erred in departing from the guidelines for the burglary conviction because the stated reason amounts to nothing more than “professionalism,” a reason already considered in the guidelines. We agree. In Hernandez v. State, 575 So.2d 640 (Fla.1991) the supreme court explained that “professionalism” does not justify a departure sentence. The court found little distinction between “planning and premeditation” and the “professional manner” in which a crime is committed. Likewise in this case the “calculated manner of the commission of the burglary ... including the plan, the gloves, the mask and the flashlight” is the same thing as “professionalism”, a factor already considered in the guidelines.
With regard to the departure sentence which was imposed for the robbery, based upon the psychological trauma to the victim’s son, we find that there was sufficient evidence that the child witnessed a portion of the robbery and suffered emotional trauma so as to justify the trial court’s departure sentence. Davis v. State, 517 So.2d 670 (Fla.1987).
Accordingly, we affirm Neale’s convictions and the departure sentence imposed for the robbery. We reverse the departure sentence imposed for the burglary and remand for resentencing within the guidelines.
DELL, C.J., and KLEIN and SHAHOOD, JJ., concur.

. Neale has not appealed the departure sentence which was imposed for the sexual battery.