530 So.2d 952 (1988)
Boyd Alfred MONSANTO, Appellant,
v.
The STATE of Florida, Appellee.
No. 87-2214.
District Court of Appeal of Florida, Third District.
July 26, 1988.
As Corrected September 20, 1988.
Bennett H. Brummer, Public Defender, and Robert Kalter, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Michele L. Crawford, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and NESBITT and FERGUSON, JJ.
PER CURIAM.
The primary point on appeal is the challenge to defendant's conviction for the possession and the use of a firearm during the commission of a felony, here, a kidnapping. We reverse.
The defendant was convicted of kidnapping, section 787.01, Florida Statutes (1985), as well as possession of a firearm in the commission of a felony, section 790.07(2), Florida Statutes (1985). Because the evidence demonstrated that he employed a weapon in the commission of the kidnapping, that conviction was enhanced under the reclassification statute, section 775.087(1)(a), Florida Statutes (1985).
We must vacate the conviction for possession of a firearm while committing a felony based on the supreme court's decision in Carawan v. State, 515 So.2d 161 (Fla. 1987). Carawan states that when an accused is charged under two statutory provisions that manifestly address the same evil and no clear evidence of legislative intent exists, the most reasonable conclusion is that the legislature did not intend to impose multiple punishments for the same act. Id. at 168. In this case, even though the convictions for the two offenses charged required proof of different facts and thus met the elements of the Blockburger test,[1] the court's inquiry into the legislature's intent does not end there. According to Carawan, multiple punishments in such cases "are presumed to be authorized in the absence of a contrary legislative intent or any reasonable basis for concluding that a contrary intent existed." Id. at 168 (emphasis in original).
*953 In the case at hand, the defendant received an enhanced sentence on his kidnapping conviction because he used a firearm; in addition, he received a second sentence for carrying the firearm. In other words, the same offense was enhanced twice for carrying or displaying the same weapon. Certainly, the legislature did not intend such dual punishment for a single act. See Hall v. State, 517 So.2d 678 (Fla. 1988). For this reason, the defendant's conviction for possession of a firearm during the commission of a felony must be reversed.
This result also mandates that the defendant's sentence for armed kidnapping be vacated with directions that he be resentenced within the guidelines without including points for conviction of possession of a firearm in the commission of a felony.
Reversed and remanded.
NOTES
[1] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), codified in § 775.021(4) Fla. Stat. (1987).