539 So.2d 603 (1989)
Fabian McINTYRE, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-731.
District Court of Appeal of Florida, Third District.
March 14, 1989.
*604 H.T. Smith, Miami, for appellant.
Robert A. Butterworth, Atty. Gen., and Giselle Lylen, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and NESBITT and FERGUSON, JJ.
PER CURIAM.
Because none of the five reasons assigned by the trial court is a valid basis for departing from the sentencing guidelines,[1]see Scurry v. State, 489 So.2d 25 *605 (Fla. 1986), section 921.001(4)(a), Florida Statutes (1987); Florida Rule of Criminal Procedure 3.701, and the habitual offender statute, section 775.084, Florida Statutes (1987), is not, alone, an adequate reason to depart from the sentencing guidelines, Winters v. State, 522 So.2d 816 (Fla. 1988) (habitual offender statute is a basis on which to exceed the statutory maximum as long as the sentence does not exceed the sentencing guidelines); Whitehead v. State, 498 So.2d 863 (Fla. 1986), we reverse the sixty-year sentence entered on the appellant's convictions for burglaries and thefts of an automobile and dwelling committed in a single criminal episode.
Reversed and remanded with instructions to enter a sentence which does not exceed the guidelines.[2]
NOTES
[1] The trial court's first reason for departure, that the defendant's reckless driving in fleeing the crime scene created a safety risk to others, is invalid because reckless driving, an unprosecuted offense, may not be considered for purposes of deviating from the guideline sentence. See Spivey v. State, 512 So.2d 322, 323 n. 1 (Fla. 3d DCA 1987); Banzo v. State, 464 So.2d 620 (Fla. 2d DCA 1985); Fla.R.Crim.P. 3.701(d)(11).

Reason two, that the timing of McIntyre's prior convictions and violation of probation and community control demonstrated a continuing and persistent pattern of criminal conduct, see Williams v. State, 504 So.2d 392 (Fla. 1987), is invalid because the defendant's last felony conviction and probation violation occurred approximately three years prior to the instant charges.
The third reason, that McIntyre's conduct showed an escalating pattern of criminal conduct, is incorrect. Rather than showing an increase in the nature and severity of the crimes, the pattern here, if any, evidenced a decrease in the severity of the offenses. See Gales v. State, 515 So.2d 431 (Fla. 4th DCA 1987), Abt v. State, 504 So.2d 548 (Fla. 4th DCA 1987).
Reason four improperly characterizes McIntyre's conduct, in stealing the car and then using it shortly thereafter to commit the crimes charged, as a "crime wave or binge" because the events were not a series of offenses necessary to a crime wave but, rather, were the result of one episode. See Campos v. State, 515 So.2d 1358 (Fla. 4th DCA 1987).
The fifth and final reason for departure, that McIntyre was out on bond at the time of the offense, is also invalid because a defendant's legal status is already calculated into the sentencing guidelines and may not be used again as a basis for departure. See Parsons v. State, 491 So.2d 1247 (Fla. 2d DCA 1986).
[2] The guideline sentence is nine-to-twelve years of imprisonment.