DANIEL, Chief Judge.
Jerome Michael Cox appeals from a judgment and sentence entered by the trial court after a jury found him guilty of attempted murder in the first degree[1] and possession of a firearm in the commission of a felony.[2] Cox raises three issues on appeal; however, we need only discuss his assertion that the trial court erred in entering judgment and sentence on both the firearm conviction and the attempted murder conviction.
Cox was fired from his job by Paul Smith. The next day Cox walked into Smith’s office, pointed a handgun at Smith, threatened to shoot Smith in the head and did in fact shoot at Smith. Fortunately for all concerned Cox was a poor marksman and missed Smith, the bullet going through the office window.
As a result of this conduct, Cox was charged with attempted murder in the first degree and possession of a firearm in the commission of a felony; to-wit, attempted murder. He was convicted on both counts. In sentencing Cox, the trial court reclassified the attempted murder conviction from a first degree felony to a life felony pursuant to section 775.087, Florida Statutes (1987) and sentenced Cox to fifteen years imprisonment with a mandatory minimum sentence of three years pursuant to that statute.[3] The trial court also imposed a *344 sentence of seven years probation on the firearm conviction.
Cox contends that it was error for the trial court to first reclassify the attempted murder conviction and to impose a mandatory minimum sentence pursuant to section 775.087 by reason of his use of a firearm in commission of the attempted murder, and then to also impose sentence on the firearm conviction. We addressed this issue in Brown v. State, 538 So.2d 116 (Fla. 5th DCA), rev. denied, 545 So.2d 1366 (Fla.1989). There Brown was convicted of the offenses of attempted manslaughter and use of a firearm in the commission of a felony; to-wit, attempted manslaughter. The trial court entered judgment on both convictions and then sentenced Brown on the attempted manslaughter charge after reclassifying the charge from a second degree felony to a first degree felony. In ruling that the trial court erred in entering judgment on the firearm conviction, we stated:
Having reclassified the attempted manslaughter charge from a second degree felony to a first degree felony by reason of the defendant’s use of a firearm, the judgment of the firearm charge should have been vacated.
538 So.2d at 117. See also Willingham v. State, 535 So.2d 718 (Fla. 5th DCA 1989); Monsanto v. State, 530 So.2d 952 (Fla. 3d DCA 1988).
The judgment and sentence on the attempted murder conviction are affirmed. The judgment and sentence on the firearm conviction are vacated. Remand however is not necessary because the trial court sentenced Cox within the recommended guidelines range and reversal of the firearm conviction does not change the recommended guidelines range.
AFFIRMED in part; VACATED in part.
DAUKSCH and GOSHORN, JJ., concur.

. §§ 777.04, 782.04(l)(a), Fla.Stat. (1987).

. § 790.07, Fla.Stat. (1987).

. Section 775.087 provides:
775.087 Possession or use of weapon; aggravated battery; felony reclassification; minimum sentence.—
(1) Unless otherwise provided by law, whenever a person is charged with a felony, except *344 a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows:
(a) In the case of a felony of the first degree, to a life felony.
(b) In the case of a felony of the second degree, to a felony of the first degree.
(c) In the case of a felony of the third degree, to a felony of the second degree.
(2) Any person who is convicted of:
(a) Any murder, sexual battery, robbery, burglary, arson, aggravated assault, aggravated battery, kidnapping, escape, breaking and entering with intent to commit a felony, or aircraft piracy, or any attempt to commit the aforementioned crimes; or
(b) Any battery upon a law enforcement officer or firefighter while the officer or firefighter is engaged in the lawful performance of his duties and who had in his possession a "firearm," as defined in s. 790.001(6), or "destructive device,” as defined in s. 790.001(4), shall be sentenced to a minimum term of imprisonment of 3 calendar years. Notwithstanding the provisions of s. 948.01, adjudication of guilt or imposition of sentence shall not be suspended, deferred, or withheld, nor shall the defendant be eligible for parole or statutory gain-time under s. 944.275, prior to serving such minimum sentence.