557 So.2d 66 (1990)
Fernando LLABONA, Appellant,
v.
The STATE of Florida, Appellee.
No. 87-890.
District Court of Appeal of Florida, Third District.
January 16, 1990.
Rehearing Denied March 23, 1990.
Bennett H. Brummer, Public Defender, and Robert Burke, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Charles M. Fahlbusch, Asst. Atty. Gen., for appellee.
Before HUBBART, BASKIN and COPE, JJ.
COPE, Judge.
Defendant's appeal asserts that several errors require reversal of his sentence, and one count of his conviction. We affirm in part and reverse in part.
Defendant was convicted in 1985 of one count of robbery with a firearm, two counts of aggravated assault with a firearm, one count of burglary of a dwelling with a firearm and with an assault, and one count of unlawful possession of a firearm while engaged in a criminal offense. The trial court departed from the guidelines *67 and imposed a sentence of 27 years. This court remanded for a new sentencing hearing. Llabona v. State, 500 So.2d 353 (Fla. 3d DCA 1987). The trial court again imposed the 27-year sentence, stating as its reasons for departure that: (a) defendant had, through the use of threats, coerced a minor to assist him in the crimes; (b) defendant had impersonated a police officer during the crimes; and (c) defendant showed an escalating pattern of criminal conduct as indicated by the increasing severity of the crimes of which he had been found guilty.
On this appeal, defendant urges two errors. First, he asserts that his convictions for both burglary with a firearm and unlawful possession of a firearm while engaged in a criminal offense contravene the rule announced in Carawan v. State, 515 So.2d 161 (Fla. 1987), and its progeny.[*] As that point has merit, the conviction and sentence for unlawful possession of a firearm must be vacated. See Hall v. State, 517 So.2d 678, 680 (Fla. 1988) (Charge of robbery already enhanced to armed robbery for carrying a firearm; it is therefore impermissible to also punish for use of a weapon during commission of a felony.); Ahlberg v. State, 541 So.2d 775, 776 (Fla. 3d DCA 1989) ("[D]ouble jeopardy prohibits a conviction for possession of a firearm during the commission of a felony ... where possession of a firearm is simultaneously used to aggravate a crime of which the accused is also convicted."); Monsanto v. State, 530 So.2d 952, 953 (Fla. 3d DCA 1988) (Defendant's conviction for possession of a firearm during the commission of a felony, kidnapping, reversed where the kidnapping was itself enhanced under § 775.087(1)(a), Fla. Stat., by reason of carrying or displaying the same weapon).
For his second point on appeal, defendant maintains that the trial court's reasons for departure from the recommended guidelines sentence are either invalid or unsupported by the record. Defendant contends that the trial court's first two reasons for departure, i.e., coercion of a minor and impersonation of a police officer, are invalid because they constitute separate crimes, see §§ 827.04(3) and 843.08, Fla. Stat. (1983), for which defendant was not convicted. We agree.
The Florida Supreme Court has construed Rule 3.701(d)(11), Florida Rules of Criminal Procedure, to prohibit consideration, as a basis for departure from the guidelines, of "offenses for which there were no convictions and no charges." Vantassell v. State, 512 So.2d 181, 183 (Fla. 1987); State v. Tyner, 506 So.2d 405 (Fla. 1987); Williams v. State, 500 So.2d 501, 502-03 (Fla. 1986); accord McIntyre v. State, 539 So.2d 603, 604 n. 1 (Fla. 3d DCA 1989). In the present case coercing the minor to participate in the home invasion robbery was chargeable as contributing to the delinquency of a minor. See § 827.04(3), Fla. Stat. (1983). We are obliged to hold invalid that reason for departure, and in so doing acknowledge conflict with Santana v. State, 507 So.2d 680, 681 (Fla. 2d DCA 1987); Price v. State, 519 So.2d 76, 78 (Fla. 2d DCA 1988). The facts of the present case also would have supported a prosecution on the charge of defendant's impersonating a police officer. See § 843.08, Fla. Stat. (1983). Enhancement *68 of defendant's sentence on this ground was likewise improper.
The trial court's third ground for departure was that defendant has exhibited an escalating pattern of criminal conduct. Defendant was convicted of grand larceny in July, 1976. In July, 1982 he was convicted of trafficking in cannabis, a first degree felony, and sentenced to a three-year mandatory minimum sentence. Defendant was evidently released prior to expiration of the mandatory minimum sentence and in July, 1984 committed the instant home invasion robbery consisting of multiple serious felonies. Here, as in Keys v. State, 500 So.2d 134 (Fla. 1986), there has been an escalation from crimes that did not involve violence against the person, to violent crimes against the person. Such escalation is recognized as a clear and convincing reason for departure. Evans v. State, 528 So.2d 125, 126 (Fla. 3d DCA 1988); see also McIntyre v. State, 539 So.2d at 604 n. 1. That ground for departure is therefore affirmed.
We remand the case to the trial court with instructions to vacate the conviction and sentence for firearm possession, and to resentence based on a recalculated scoresheet. As we have sustained one of the grounds for departure, the trial court is authorized to impose a departure sentence.
Affirmed in part, reversed in part, and remanded.
NOTES
[*] The State objects that this issue is not preserved for our consideration. That is so, the State argues, because the prior remand in this case was solely for purposes of resentencing. 500 So.2d at 353-354. The present appeal is solely from the sentencing order. The State urges, therefore, that any challenge to the count for firearm possession is foreclosed.

We disagree. First, even if the State's position were correct, the defendant could nonetheless challenge imposition of the sentence, even if the conviction were insulated from challenge. See Davis v. State, 392 So.2d 947, 949 n. 2 (Fla. 3d DCA 1980).
Second, defendant's resentencing occurred in March, 1987, and the notice of appeal was filed in April, 1987, both of which occurred prior to the Carawan decision being announced in September, 1987. As the direct review of defendant's convictions and sentences had not concluded at the time when Carawan was announced, defendant was entitled to amend his notice of appeal to include that issue. See Brunner Enterprises, Inc. v. Department of Revenue, 452 So.2d 550, 552-53 (Fla. 1984); see also Jones v. State, 14 F.L.W. 579, 580 (Fla. Nov. 22, 1989). We therefore grant the defendant's motion to amend the notice of appeal to include the conviction, as well as the sentence, for possession of a firearm.