558 So.2d 211 (1990)
Frank RODRIGUEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 87-1440.
District Court of Appeal of Florida, Third District.
March 27, 1990.
Bennett H. Brummer, Public Defender, and Henry H. Harnage, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Ivy R. Ginsberg, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HUBBART and GERSTEN, JJ.

ON MOTION FOR REHEARING AND/OR CLARIFICATION
GERSTEN, Judge.
On appellee State's motion for rehearing and/or clarification we withdraw the opinion filed February 6, 1990, and substitute the following opinion in its stead. This is an appeal from a conviction and sentence for armed trespass of an occupied dwelling, robbery with a firearm, three counts of aggravated assault with a firearm, two counts of kidnapping with a firearm, false imprisonment with a firearm, and unlawful possession of a firearm while engaged in a criminal offense. We affirm in part, reverse in part, and remand.
Appellant, Frank Rodriguez, together with a co-defendant, gained access to the victims' home by exhibiting badges and claiming to be police officers. Once inside the home, appellant produced a gun and demanded money. During the course of this home invasion, appellant gathered the victims from different rooms in the house. Appellant then brought the victims into the *212 living room, holding them hostage at gunpoint. This allowed the intruders to observe all the victims at a central location while at the same time preventing the victims from summoning help.
Once together at that location, the victims were kicked and struck several times while the intruders demanded money. When the victims refused, two of the victims were taken around the house at gunpoint in search of money. Appellant (and the co-defendant) took jewelry, cash, and checks from the victims. After approximately fifteen to twenty minutes, fearing that a home burglar alarm was set off, appellant and the co-defendant fled.
Appellant contends that the trial court should have granted his motion for judgment of acquittal for the armed kidnapping charges because the movement or confinement of the victims was inconsequential. The State asserts that appellant was properly convicted of the armed kidnapping counts because the movement or confinement of the victims was not inconsequential.
Faison v. State, 426 So.2d 963 (Fla. 1983), provides a three part test to determine whether confinement or movement of a kidnapping victim is sufficient to support a conviction for kidnapping:
[If] a taking or confinement is alleged to have been done to facilitate the commission of another crime, to be kidnapping the resulting movement or confinement:
(a) Must not be slight, inconsequential and merely incidental to the other crime;
(b) Must not be of the kind inherent in the nature of the other crime; and
(c) Must have some significance independent of the other crime in that it makes the other crime substantially easier of commission or substantially lessens the risk of detection.
Faison, 426 So.2d at 965 (quoting State v. Buggs, 219 Kan. 203, 547 P.2d 720, 731 (1976)).
The movement of the victims allowed appellant to observe the victims from a central location and prevented the victims from summoning assistance. Therefore, the victims' movement and confinement lessened the risk of detection. Because we find the movement or confinement not slight or inconsequential, not inherent in the nature of the other crimes, and helped to avoid detection, we hold that appellant committed armed kidnapping under the test adopted in Faison.
Appellant also contends, and the State concedes, that he was improperly convicted and sentenced for the possession of a firearm during the commission of a felony, when he was simultaneously convicted and sentenced for armed burglary, armed robbery, and aggravated assault with a firearm arising out of the same incident. We agree.
We find the conviction for possession of a firearm during the commission of a felony impermissibly duplicates components of the other crimes. Based on the authority of Hall v. State, 517 So.2d 678 (Fla. 1988); Carawan v. State, 515 So.2d 161 (Fla. 1987); and Monsanto v. State, 530 So.2d 952 (Fla. 3d DCA 1988), appellant's conviction for possession of a firearm during the commission of a felony must be vacated.
Lastly, appellant contends that he should be resentenced because the trial court departed upward from the guidelines for invalid reasons. The State asserts that the trial court properly departed upward from the sentencing guidelines based on the use of excessive force. Appellant's contention is well taken, and, we agree.
Appellant was sentenced to three concurrent terms of twenty-seven years for the armed robbery and armed kidnapping convictions. He was also sentenced to two concurrent terms of fifteen years for armed false imprisonment and unlawful possession of a firearm during the commission of a felony, and terms of five years for each of the counts of armed trespass and aggravated assault with a firearm. The trial court provided two written reasons for departing upward from the recommended sentencing guidelines: (1) the family's emotional trauma; and, (2) appellant's excessive use of force during the offenses. Appellant contends that both reasons are improper grounds for departure.
*213 Because emotional or psychological trauma is an inherent component of many violent crimes, emotional trauma can only be used as the basis for departure where the trauma arises from extraordinary circumstances which are clearly not inherent in the offense charged or where the victim has a discernible physical manifestation resulting from the trauma. See State v. Simpson, 554 So.2d 506 (Fla. 1989); State v. Rousseau, 509 So.2d 281 (Fla. 1987); Casteel v. State, 498 So.2d 1249 (Fla. 1986).
In Simpson, the Florida Supreme Court held that:
departure may not be based on emotional trauma arising from a robbery unless the emotional trauma is clearly and convincingly excessive or extraordinary....
Simpson, 554 So.2d at 511. In the instant case, the record does not reflect that the victims suffered excessive or extraordinary trauma over and beyond that inherent in an armed robbery, armed kidnapping, and aggravated assault. Further, nothing in the record indicates that the victims experienced any physical manifestations resulting from the trauma sufficient to support a departure from the guidelines.
The second reason given by the trial court  appellant's excessive use of force during the offenses, is unsupported by the record. Because we find both reasons for departure to have been invalid, we remand for resentencing within the guidelines. See Shull v. Dugger, 515 So.2d 748 (Fla. 1987). In remanding this case for resentencing within the guidelines, we note that the sentencing scoresheet improperly included points for possession of a firearm during the commission of a felony and for victim injury. The removal of these points, however, does not change the applicable guidelines range.
Affirmed in part, reversed in part, and remanded for sentencing within the sentencing guidelines.