PETERSON, Judge.
William Stroud appeals his judgment and departure sentence after a jury found him guilty of trafficking in cocaine and conspiracy to traffic in cocaine.
Stroud was charged by information with selling between 200 and 400 grams of cocaine in violation of section 893.135(l)(b)(2), Florida Statutes (1987), and of conspiring with a 16-year-old minor to sell 28 grams or more of cocaine on December 22, 1988, in violation of section 893.135(5), Florida Statutes (1987). He was also charged with five counts of contributing to the delinquency of a minor, but these charges apparently were dropped before sentencing.
Over objection, the juvenile was allowed to testify at trial about illegal drug transactions in which he engaged with Stroud pri- or to December 22, 1988, as well as on that date. On the conspiracy conviction, the trial court imposed a split sentence of a 3-year minimum mandatory imprisonment pursuant to section 893.135(l)(b)(l), followed by 17 years’ probation. On the trafficking conviction, the court imposed a concurrent split sentence of 20 years with 12 years’ imprisonment followed by 8 years’ probation. The latter count included a minimum mandatory sentence of five years pursuant to section 893.135(l)(b)(2), Florida Statutes (1987). The sentence imposed was a two-cell departure for the written reason that Stroud induced the juvenile to participate in the illegal activity and exercised some control and authority over him.
*881 Stroud assigns as errors the trial court’s admission of evidence of crimes committed prior to December 22, 1988, not charged in the information and imposition of a departure sentence based upon an inducement of a minor to participate in the criminal activity.
Stroud argues that it was error to allow the juvenile to state generally that they engaged in a few sales of cocaine in the month or more prior to the December 22, 1988, illegal transaction. The statements were made while the juvenile told of his relationship with Stroud and how he met him. The defense objected that testimony about previous illegal drug transactions was inadmissible since the information charged that the conspiracy took place on the specific date of December 22, 1988, and not during a period of time ending on December 22, 1988.[1] We need not consider whether the testimony was error. If it was error, it was harmless since the record shows that there was no reasonable possibility that the error, if any, affected appellant’s conviction. State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
Stroud correctly complains that his departure sentence is based upon an invalid reason. Inducing a juvenile to participate in the crime while exercising some control and authority over him has been held valid as a reason for departure. Santana v. State, 507 So.2d 680 (Fla. 2d DCA 1987); Price v. State, 519 So.2d 76 (Fla. 2d DCA 1988). We note, however, that a conflict exists with these cases as acknowledged by the Third District in its opinion in Llabona v. State, 557 So.2d 66 (Fla. 3d DCA), dismissed, 564 So.2d 488 (Fla.1990). The Lla-bona opinion notes that rule 3.701(d)(ll), Florida Rules of Criminal Procedure, prohibits a departure sentence based on offenses for which there were no convictions and no charges. In Llabona, the court determined that coercing the minor to participate in the robbery was chargeable as contributing to the delinquency of a minor and, consequently, was an improper basis for departure.
In State v. Tyner, 506 So.2d 405 (Fla.1987), the supreme court answered the following certified question in the negative:
IS THE COURT PERMITTED TO CONSIDER ANY FACTORS RELATING TO THE INSTANT OFFENSE AS A BASIS FOR DEPARTURE FROM THE GUIDELINES IF SUCH FACTORS WOULD HAVE SUBJECTED THE DEFENDANT TO PROSECUTION FOR A CRIME OF WHICH HE HAS NOT BEEN CONVICTED?
Since the reason given for departure in the instant case constitutes the crime of contributing to the delinquency of a minor under section 827.04(3), Florida Statutes (1987), a crime for which Stroud was not convicted, we must join the Third District in following the Llabona decision, vacate the sentences, and remand for sentencing within the'guidelines.
Judgment AFFIRMED; sentences VACATED; REMANDED.
DAUKSCH and COBB, JJ., concur.

. Stroud argues for the first time on appeal that similar fact evidence was improperly admitted under section 90.404(2), Florida Statutes (1987). That legal argument on appeal will not be considered. Steinhorst v. State, 412 So.2d 332 (Fla.1982); Thomas v. State, 424 So.2d 193 (Fla. 5th DCA 1983).