Mark Anthony DARROW, Appellant (Defendant),

v.

STATE of Wyoming, Appellee (Plaintiff).

No. 91–165.

Supreme Court of Wyoming.

Jan. 29, 1992.

Leonard D. Munker, State Public Defender, David Gosar, Appellate Counsel, Deborah Baumer, Asst. Public Defender, Cheyenne, for appellant.

Joseph B. Meyer, Atty. Gen., Sylvia L. Hackl, Deputy Atty. Gen., Barbara L. Boyer, Sr. Asst. Atty. Gen., Michael D. Paul-

ing, Sr. Asst. Atty. Gen., Nancy C. Larned, Student Intern, Cheyenne, for appellee.

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.

GOLDEN, Justice.

Appellant Mark Anthony Darrow appeals a judgment and sentence entered against him on May 13, 1991, and an order denying motion to correct sentence in his conviction for violation of W.S. 6–3–301(a), (c)(i) (June 1988 Repl.), aggravated burglary; W.S. 6–2–401 (June 1988 Repl.), aggravated robbery; and W.S. 6–2–201(a)(i), (ii), (c) (June 1988 Repl.), kidnapping.

We affirm.

In his issue statement appellant asks whether *Keene v. State*, 812 P.2d 147 (Wyo.1991), requires that appellant's kidnapping conviction be reversed because a person may not be convicted of kidnapping in connection with an aggravated robbery unless the victim is removed from the residence.

## FACTS

In the early morning of January 26, 1991, following a night of heavy cocaine use, appellant, armed with a loaded revolver, entered the home of Lynn and Valerie Christensen in Kemmerer, Wyoming. Appellant confronted Mrs. Christensen in her bedroom and, at gun point, demanded money. Mrs. Christensen complied with his request and was then instructed to stay in the bedroom with her four year old child. Appellant intended to facilitate his getaway by locking the family in the bedroom. Shortly thereafter, Mr. Christensen arrived home and confronted appellant. A struggle ensued, shots were fired and Mrs. Christensen and her daughter escaped from the house. Appellant left in pursuit of Mrs. Christensen, was unsuccessful in catching her and returned to the Christensen home. As appellant tried to re-enter the house, Mr. Christensen caught him off guard, hitting him with the door. Mr. Christensen then grabbed appellant's hand, threw him into the house and escaped. Ap-

pellant fled and was later apprehended in Diamondville, Wyoming.

Appellant pled guilty to aggravated robbery, aggravated burglary and kidnapping. He received two, ten to twenty year concurrent sentences for aggravated robbery and aggravated burglary, and a consecutive ten to fifteen years for kidnapping.

## DISCUSSION

Appellant contends the kidnapping conviction should be dismissed or its sentence run concurrently with the other convictions, based on this court's decision in *Keene*. In that case, Keene, in the commission of a robbery, moved two employees at gun point from a back office to an adjacent area within a business establishment. Keene was convicted of robbery and two counts of kidnapping in violation of W.S. 6–2–201(a)(ii) which states,

(a) A person is guilty of kidnapping if he unlawfully removes another from his place of residence or business or from the vicinity where he was at the time of the removal, or if he unlawfully confines another person, with the intent to:

(ii) Facilitate commission of a felony.

Employing statutory construction principles, we interpreted the disjunctive "or" to make separate and distinct the alternatives of "removal from a business" (or residence) from "removal from the vicinity," under the statute. *Keene*, 812 P.2d at 150. Keene did not remove his victims from the business, but moved them within it. Movement of a victim *within* a business or residence does not comprise "removal from the vicinity" under the statute. Therefore, we held that under the facts in *Keene* movement of the employees within the business was incidental to the robbery and did not constitute kidnapping. *Keene* at 151.

Though appellant would have us believe that the facts here warrant the application of *Keene* to this case, this is not *Keene*. This is *Darrow*.

Appellant is charged with violating subsections (a)(i) and (ii) of W.S. 6–2–201 which states in part, "or if he unlawfully confines another person, with intent to: (ii) Facili-

tate commission of a felony." This particular section is preceded by the disjunctive "or" as was the section at issue in *Keene*. As in *Keene*, this phrase becomes another alternative under the statute, requiring separate treatment, and is inapplicable to the subject matter preceding it. *Matter of Adoption of Voss*, 550 P.2d 481, 485 (Wyo. 1976). At this juncture, any similarity to analysis in *Keene* ends.

■ Essentially, three arguments are presented. Appellant first contends that kidnapping under the statute as applied in *Keene* requires the removal of Mrs. Christensen from her residence. We have previously held that asportation is but an alternative means of committing the crime of kidnapping. *Edge v. State*, 647 P.2d 557, 560 (Wyo.1982). Support for this premise is found in comments to the Model Penal Code's comparative provision which addresses unlawful confinement as an alternative statement of the offense, requiring no asportation at all. Model Penal Code § 212.1 cmt. 3 at 224 (1980). Confinement alone is sufficient to constitute kidnapping. *Edge* at 560; *Driskill v. State*, 761 P.2d 980, 982 (Wyo.1988). Our discussion here must concern not removal but appellant's unlawful confinement with intent to facilitate commission of a felony.

■ Secondly, appellant interprets our statutory analysis in *Keene* to mean that "unlawful confinement" as a separate and distinct alternative cannot incorporate the statute's preceding sections and therefore cannot apply to confinement within the victim's residence. But the essence of confinement is not its location. Rather, it is whether the victim, by his confinement, is effectively isolated from the "usual protections of society." Thus, a victim may be confined in his own home if discovery or rescue is made unlikely. Model Penal Code, *supra*, at 224.

■ Finally, appellant argues that the confinement is both incident and integral to the robbery and thus not a separate crime. But it is the intent and effect of the confinement that make it reprehensible. By his own admission, appellant, at gun point, confined Mrs. Christensen in the bedroom

to facilitate escape from commission of the robbery. Appellant's act diminished Mrs. Christensen's likelihood of rescue and exposed her to greater risk. Because confinement to facilitate a serious crime or to escape after its completion is likely to impose risk on the victim, it is specifically proscribed in this context. Model Penal Code, *supra*, at 227.

Appellant's act was not incidental or inconsequential to the robbery, nor was it inherent in the nature of the crime. *Rodriguez v. State*, 558 So.2d 211, 212 (Fla.1990). The robbery was facilitated by Mrs. Christensen's confinement; it prevented her from summoning assistance and lessened appellant's risk of detection. Appellant could simply have departed with the money but the unlawful confinement gave aid to his escape.

## CONCLUSION

The gravamen of the crime of kidnapping is removal or unlawful confinement of the victim. Appellant intended to facilitate his escape and thus commission of the robbery by confining Mrs. Christensen in her bedroom. This behavior is clearly prohibited under W.S. 6–2–201, and we must affirm.