595 So.2d 254 (1992)
Wilfred BEAUBRUM, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-2763.
District Court of Appeal of Florida, Third District.
March 10, 1992.
*255 Bennett H. Brummer, Public Defender, and Marti Rothenberg and Carol Wilson, Asst. Public Defenders, for appellant.
Robert A. Butterworth, Atty. Gen., and Patricia Ann Ash, Asst. Atty. Gen., for appellee.
Before BARKDULL, BASKIN and GERSTEN, JJ.
PER CURIAM.
Defendant appeals a final judgment of conviction and sentence for robbery with a firearm, attempted first degree murder and use of a weapon during the commission of a felony. The jury found the defendant guilty as charged. The trial court adjudicated him guilty and sentenced him as a habitual offender. The appellant contends that: 1) the trial court erred in using the habitual offender statute in adjudicating and sentencing him because Section 775.084, Florida Statutes, (1989) violates the one subject rule of the Florida Constitution, Article III, section 6, 2) the trial court erred in giving the jury the standard jury instructions because its definition of "reasonable doubt" is unconstitutional, and 3) the trial court erred in adjudicating the defendant guilty of unlawful possession of a firearm when the firearm was used to enhance the sentence for the attempted first degree murder and armed robbery counts.
There is no constitutional violation of the one subject rule. Jamison v. State, 583 So.2d 413 (Fla. 4th DCA 1991); rev. denied, 591 So.2d 182 (Fla. 1991); McCall v. State, 583 So.2d 411 (Fla. 4th DCA 1991) rev. granted, 17 F.L.W. No. 7, February 14, 1992; Also see Burdick v. State, 594 So.2d 267 (Fla. 1992); LaMont v. State, 597 So.2d 823 (Fla. 3d DCA 1992).
The trial court properly instructed the jury pursuant to the standard jury instruction when the instruction on reasonable doubt accurately informed the jury of the law. Jackson v. State, 502 So.2d 409 (Fla. 1986); Kennedy v. State, 455 So.2d 351 (Fla. 1984).
The trial court improperly adjudicated the defendant guilty of unlawful possession of a firearm in the commission of an armed robbery and attempted first degree murder with a firearm. Cox v. State, 552 So.2d 343 (Fla. 5th DCA 1989); Grantham v. State, 545 So.2d 945 (Fla. 1st DCA 1989); Brown v. State, 538 So.2d 116 (Fla. 5th DCA 1989), rev. denied, 545 So.2d 1366 (Fla. 1989).
Therefore we strike the convictions and sentence for possession of a firearm during the commission of a felony. In all other respects the convictions, adjudications and sentences are affirmed.
Affirmed as modified.