597 So.2d 374 (1992)
Thomas GILMORE, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1707.
District Court of Appeal of Florida, Fourth District.
April 15, 1992.
Richard L. Jorandby, Public Defender, and Debra Moses Stephens, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph A. Tringali, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Affirmed. As to the issue of whether section 775.084, Florida Statutes (1989), amendments to the habitual offender statute, violated the one subject rule of the *375 Florida Constitution, we affirm on the authority of this court's opinions in Jamison v. State, 583 So.2d 413 (Fla. 4th DCA), review denied, 591 So.2d 182 (Fla. 1991), and McCall v. State, 583 So.2d 411 (Fla. 4th DCA 1991), review granted, 593 So.2d 1052 (Fla. 1992). We note that the Third District has likewise held that the amendments did not violate the single subject rule. Beaubrum v. State, 595 So.2d 254 (Fla. 3d DCA 1992) (citing Jamison and McCall).
However, the First District in Johnson v. State, 589 So.2d 1370 (Fla. 1st DCA 1991), held that section 775.084, as amended by Chapter 89-280, Laws of Florida, violated the one subject rule from October 1, 1989, the effective date of the amendments, to May 2, 1991, the date of their re-enactment.[1]
Therefore, we certify that this opinion is in direct conflict with Johnson and also certify the following question, which we adopt from Johnson, to be of great public importance:
WHETHER THE CHAPTER 89-280 AMENDMENTS TO SECTION 775.084(1)(A)1, FLORIDA STATUTES (1989), WERE UNCONSTITUTIONAL PRIOR TO THEIR RE-ENACTMENT AS PART OF THE FLORIDA STATUTES, BECAUSE [THEY WERE] IN VIOLATION OF THE SINGLE SUBJECT RULE OF THE FLORIDA CONSTITUTION.
AFFIRMED; CERTIFIED CONFLICT; AND CERTIFIED QUESTION.
ANSTEAD, HERSEY and GARRETT, JJ., concur.
NOTES
[1] Sub judice, October 1, 1990, the date appellant committed his crimes, falls within the questioned time frame.