PER CURIAM.
We reverse appellant’s habitual offender sentence and remand for resentencing within the sentencing guidelines. As we did in Johnson v. State, 589 So.2d 1370 (Fla. 1st DCA 1991), and Claybourne v. State, 600 So.2d 516 (Fla. 1st DCA 1992), we certify the following question as one of great public importance. Additionally, we note conflict between the cases cited above and Beaubrum v. State, 595 So.2d 254 (Fla. 3d DCA 1992), Jamison v. State, 583 *1345 So.2d 413 (Fla. 4th DCA), rev. denied, 591 So.2d 182 (Fla.1991), McCall v. State, 583 So.2d 411 (Fla. 4th DCA 1991), juris, accepted, 593 So.2d 1052 (Fla.1992), and Gilmore v. State, 597 So.2d 374 (Fla. 4th DCA 1992).
WHETHER THE CHAPTER 89-280 AMENDMENTS TO SECTION 775.084, FLORIDA STATUTES (SUPP.1988), WERE UNCONSTITUTIONAL PRIOR TO THEIR REENACTMENT AS PART OF THE FLORIDA STATUTES, BECAUSE IN VIOLATION OF THE SINGLE SUBJECT RULE OF THE FLORIDA CONSTITUTION.
ERVIN, MINER and WEBSTER, JJ., concur.