PER CURIAM.
The defendant appeals from judgments of conviction and sentences for armed burglary of a structure, armed kidnapping, and robbery with a weapon. We affirm the convictions, affirm the sentences in part, reverse in part, and remand.
The defendant argues that the trial court erred in departing from the guideline sentence because the listed grounds for departure are not supported by the record. We disagree and affirm. See Llabona v. State, 557 So.2d 66 (Fla. 3d DCA 1990) (8-year period of escalating pattern of criminal conduct valid reason for departing from guideline sentence); Sans v. State, 528 So.2d 516 (Fla. 3d DCA 1988) (trauma suffered by victims during brutal home invasion justifies upward departure from guidelines). However, we agree with the defendant that the trial court erred in sentencing him to four consecutive three-year mandatory minimum sentences when only three separate transactions occurred. A court may not impose consecutive mandatory minimum sentences where the crimes arise in a single criminal episode. Palmer v. State, 438 So.2d 1 (Fla.1983). Because only three episodes occurred, we reverse and remand with directions to enter a sentence in accordance with this opinion.[1]
Affirmed in part, reversed in part, and remanded with directions.

. We find no merit in the remaining issues on appeal.