PER CURIAM.
As the state correctly and commendably concedes, the fifty-year sentence imposed on the defendant Anthony Adams following his conviction by a jury for the life felony of second-degree murder with a firearm [§§ 782.04(2), 775.087(1)(a), Fla.Stat. (1989) ] is unlawful because a life felony can only carry a “term of imprisonment for life or by a term of imprisonment not exceeding 40 years.” § 775.082(3)(a), Fla.Stat. (1989). Accordingly, the subject sentence is reversed and the cause is remanded to the trial court with directions to resentence the defendant to a term of years not exceeding forty years. The concurrent five-year sentence imposed on the defendant pursuant to jury verdict is, however, affirmed in all respects.[1]
Affirmed in part; reversed in part and remanded in part.

. We find no merit in the defendant’s points on appeal that the trial court imposed a penalty on the defendant for exercising his right to trial by jury, Frazier v. State, 467 So.2d 447, 450-51 (Fla. 3d DCA), rev. dismissed, 475 So.2d 694 (Fla.1985); or (b) that the trial court erred in departing from the sentencing guidelines based on a clearly established escalating pattern of criminal conduct on the part of the defendant. Barfield v. State, 594 So.2d 259 (Fla.1992); Keys v. State, 500 So.2d 134 (Fla.1986); Sosa v. State, 602 So.2d 989 (Fla. 3d DCA 1992); Llabona v. State, 557 So.2d 66 (Fla. 3d DCA), dismissed, 564 So.2d 488 (Fla.1990).
We equally find no merit in the state's argument that, upon remand, the trial court should be permitted to change the five-year concurrent sentence for carrying a concealed firearm, so as to make it a five-year consecutive sentence. There is no error in the imposition of this sentence and therefore no legal basis for reversing it either in whole or in part.