PER CURIAM.
This is a belated appeal of an order denying the motion of defendant-appellant James Allen for postconviction relief.* In *600 sofar as pertinent here, defendant entered a guilty plea in circuit court case number 92-8294. He contends that there was no factual basis for the four kidnapping counts to which he pled guilty. The trial court denied postconviction relief and defendant has appealed.
The trial court was entirely correct. The arrest affidavit sets out the facts of the case. This case closely resembles Rodriguez v. State, 558 So.2d 211 (Fla. 3d DCA 1990), which provided the controlling precedent at the time defendant entered his plea.
The Florida Supreme Court’s later decision in Berry v. State, 668 So.2d 967 (Fla.1996), has made some adjustments in the test for the offense of kidnapping. Although we need not pass on the point, we are inclined to think that Rodriguez remains good law because it involved the collecting of victims from different places in the house and gathering them at a single point, as opposed to the types of incidental movement described in Berry. Even if that were not so, the Berry decision constitutes no more than an evolutionary refinement in criminal law, which would not apply retroactively to defendant’s 1992 plea. See Witt v. State, 387 So.2d 922, 929-30 (Fla.1980). As there was a factual basis for the four kidnapping counts, the order denying postconviction relief is
Affirmed.

 Defendant entered his plea in 1992 and moved for postconviction relief in 1994. Ow *600 ing to various difficulties involving the order denying postconviction relief, this court concluded that defendant had shown good cause for a belated appeal, which was granted by unpublished order.